ALAN G. LANCE
Attorney General
State of Idaho

MICHAEL A. HENDERSON
Deputy Attorney General
Chief, Criminal Law Division

L. LaMONT ANDERSON, ISB # 3687
T. PAUL KRUEGER II, ISB #5071
KIMBERLY J. BLAS, ISB #5159
Deputy Attorneys General
Criminal Law Division
Capital Litigation Unit
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: (208) 334-2400



ORIGINAL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS EUGENE CREECH, | CASE NO. 99-0224-S-BLW |
| Petitioner, | **<u>CAPITAL CASE</u>** |
| vs. | |
| DAVE PASKETT, Warden of the Idaho Maximum Security Institution, Department of Correction, State of Idaho, | REPLY BRIEF IN SUPPORT OF MOTION TO VACATE ORDER HOLDING PROCEEDINGS IN ABEYANCE |
| Respondent. | |

COMES NOW, Respondent, Dave Paskett ("state"), by and through his

attorney of record, L. LaMont Anderson, Chief, Capital Litigation Unit, and Chief,

Capital Litigation Unit, and submits this reply brief in support of the state's Motion

*REPLY BRIEF IN SUPPORT OF MOTION TO VACATE ORDER HOLDING
PROCEEDINGS IN ABEYANCE - 1*

to Vacate Order Holding Habeas Proceedings in Abeyance (Dkt. 83), previously filed with this court.

## **ARGUMENT**

In light of the procedural history of Petitioner's ("Creech") case, his claim that comity dictates that the state courts should have the first opportunity to review his latest claim rings hollow. This is particularly true in light of the fact that every capital petitioner in Idaho has filed a similar successive post-conviction petition in state court, yet Creech is the only petitioner who has asked this court to hold his federal habeas case in abeyance while he litigates a frivolous successive post-conviction petition that is clearly barred by I.C. § 19-2719. In fact, in Hoffman v. Arave, #02-99004, 02-99005, the same attorney representing Creech has filed a brief with the Ninth Circuit expressly stating that holding that case in abeyance pending the state courts' resolution of a successive post-conviction petition based upon Ring v. Arizona, 122 S.Ct. 2428 (2002), "does not serve either the court or the parties." (Appendix A, p.6.) Obviously, the facts and procedural posture in Hoffman, are not the same as Creech's case; Creech has been incarcerated and on death row much longer than Hoffman. Like Hoffman, to delay Creech's case "is contrary to the goal of judicial efficiency and expeditious determination of the pending issues and serves no party in [his] case." (Appendix A, p.7.)

Creech's reliance upon State v. Fetterly, ___ P.2d ___, 2002 WL 1791425 (Idaho 2002), is misplaced. Fetterly was a direct review case which is clearly governed by Ring, irrespective of I.C. § 19-2719. See Griffith v. Kentucky, 479

U.S. 314, 328 (1987)("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exceptions for cases in which the new rule constitutes a 'clear break' with the past"); *see also* Fetterly v. State, 825 P.2d 1073, 1074-75 (Idaho 1991)(applying Griffith, to conclude that a new state law should not be applied retroactively in a capital successive post-conviction action).

Finally, Creech claims his case is no longer governed by I.C. § 19-2719 because a jury did not find the aggravating factors necessary to make him death-eligible. This claim is simply ludicrous. Until a court determines that Ring applies to Creech's case or otherwise overrules his death sentence, a valid death sentence is in place requiring the application of I.C. § 19-2719.

## CONCLUSION

The state respectfully requests that the court deny Creech's Motion to Renew and Extend Stay of Further Federal Proceedings Pending State Proceedings.

DATED this 25th day of September, 2002.

L. LaMONT ANDERSON
Deputy Attorney General and
Chief, Capital Litigation Unit

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or about the 25th day of September, 2002, I served a true and correct copy of the foregoing document, by causing a copy thereof to be placed in the United States Mail, postage prepaid, addressed to:

Joan M. Fisher
Bruce D. Livingston
Capital Habeas Unit
Federal Defenders of Eastern Washington and Idaho
201 N. Main
Moscow, Idaho 83843

Teresa Hampton
Hampton & Elliott
P.O. Box 1352
Boise, ID  83701

_____
L. LaMont Anderson

**APPENDIX A**



**CAPITAL HABEAS UNIT**
Federal Defenders of
Eastern Washington and Idaho
Joan M. Fisher, ID Bar No. 2854
201 North Main
Moscow ID 83843
Telephone: 208-883-0180
Facsimile:  208-883-1472

**ELLISON MATTHEWS**
Attorney at Law, ID 1044
PO Box 1988
Boise ID 83701-1988
Telephone: 208-336-1433
Facsimile:  208-336-9133

Attorneys for Petitioner

### IN THE UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| **MAXWELL HOFFMAN** | ) | **CAPITAL CASE** |
| | ) | |
| Petitioner-Appellant, | ) | **CASE NOS. 02- 99004, 02-99005** |
| | ) | **(D. Ct. No. CV-94-00200-S-BLW)** |
| vs. | ) | |
| | ) | **PETITIONER'S BRIEF RE: STAY** |
| **A.J. ARAVE, Warden, et al.,** | ) | **OF DETERMINATION OF COA ON** |
| | ) | *RING.* |
| Respondent-Appellee. | ) | |
| | ) | |

Pursuant to this Court's Order, Petitioner files this his Brief addressing whether

the determination of Petitioner's motion to broaden his certificate of appealability based

upon the Supreme Court's opinion in *Ring v. Arizona*, 122 S. Ct. 2428 (2002) should be

held in abeyance.

## RELEVANT PROCEDURAL HISTORY

Petitioner was charged and convicted by a jury of first degree murder.  Prior to sentencing, Petitioner moved for jury sentencing or to empanel an advisory jury; the trial court denied Petitioner's motion.  *State v. Hoffman*, 851 P.2d 934, 937 (Idaho 1993).  As required by statute, Idaho Code §19-2515(c), the trial judge made and entered his findings of facts including finding that two statutory aggravating circumstances and sentenced Petitioner to death. [1]

The Idaho Supreme Court affirmed the conviction, sentence and the denial of post conviction relief, holding, in part, that "[i]n Idaho, it is well settled that punishment in a capital case is to be determined by a judge rather than a jury.  *State v. Hoffman,* 851 P.2d 934, 939 (Idaho 1993), *citing, State v. Pizzuto,* 810 P.2d 680 (Idaho 1991).

On appeal from the district court's denial of relief on petition for writ of habeas corpus, this Court affirmed in part, reversed in part and remanded Petitioner's case for an evidentiary hearing on the ineffective assistance of counsel on guilt phase issues claims and a determination of whether the denial of Hoffman's Sixth Amendment right to counsel during the pre-sentence interview was harmless.  *Hoffman v. Arave*, 236 F.3d 523, 536, 540`-419 9th Cir. 2001).  This Court denied relief on the jury trial issue, specifically finding that "*Walton*, [ *v. Arizona*, 497 U.S. 639, 647-48 (1990)] foreclose[d]

---

[1]  The statutory aggravating circumstances found were: that "the killing was committed in a particularly heinous, atrocious and cruel manner, exhibiting exceptional depravity." and that "the murder was committed against a witness or potential witness in a criminal or civil legal proceeding because of such proceeding." IDAHO CODE §  19-2515(g)(5), (10).

Hoffman's *Apprendi*[2]-based challenge to Idaho's capital sentencing scheme. 536 F.3d at 542.

On remand, the district court granted Petitioner's habeas petition in part on the ineffective assistance of counsel at sentencing claim and on denial of the right to have counsel present at the pre-trial interview but denied Petitioner's claim of ineffective assistance of counsel at guilt/innocence.

Petitioner timely filed a motion with the district court for a certificate of appealability ["COA"] on the ineffective assistance of counsel at guilt-innocence phase claims, and the issues of the denial of Petitioner's post-evidentiary hearing motions. On June 24, 2002, the United States Supreme Court held that "[c]apital defendants, no less than non-capital defendants ... are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment,"invalidating Idaho's death penalty scheme. *Ring v. Arizona*, 536 U.S. _, 122 S. Ct. 2428, 2432 and *State v. Fetterly*, 2002 WL 1791425, _Idaho __, _P.3d _(August 6, 2002).

On June 27, 2002, the District Court granted a COA on the guilt/innocence ineffective claims and denied a COA on the denial of Petitioner's post-evidentiary hearing motions. On July 3, 2002, Petitioner filed a motion with the District Court to broaden his certificate of appealability to include the reconsideration of the jury claim in light of the United States Supreme Court decision in *Ring v. Arizona, supra*.   On

---

[2]*Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 2366, 147 L.Ed.2d 435 (2000)

PETITIONER'S BRIEF RE STAY OF DETEMINATION OF COA ON *RING*        - 3

August 1, 2002, Because this Court may have discretion to reopen a previously resolved

question where "an intervening change in the law has occurred," *Disimone v. Browner,*

121 F. 3d 1262, 1266 (9th Cir. 1997), a Motion to Broaden the COA to include the *Ring*

issue was timely filed.

On September 6, 2002, this Court ordered informal briefing "addressing whether

the determination of Petitioner's motion to broaden his [COA] should be stayed pending"

(1) the district court's ruling on Petitioner's motion to broaden his COA to include a

claim based upon *Ring v. Arizona,*; (2) the state courts' final disposition of Petitioner's

post-conviction petition based upon *Ring;* (3) this court's determination of the

retroactivity of Ring.

## ARGUMENT

**1.     The District Court's Ruling on The Motion to Broaden His COA.**

Because the district court denied the Motion to Expand the COA to Include the

*Ring* issue on September 9,  the question of whether this Court should stay determination

of the Motion before it pending the district court action is moot.

**2.     The State Courts' Final Disposition of Petitioner's State Post-conviction
         Petition Based Upon *Ring*.**

**a.     The decision whether or not to grant a stay is discretionary.**

"The power to stay proceedings is incidental to the power inherent in every court

to control the disposition of the causes on its docket with economy of time and effort for

itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 24, 254-55
(1936). "The exertion of this power calls for the exercise of a sound discretion." *CMAX,
Inc. v. Hall*, 300 F. 2d 265, 268 (9th Cir 1962).[3] The determination of whether to issue a
stay requires a weighing of competing interests:

> Among those competing interests are possible damage which may result
> from the granting of a stay, the hardship or inequity which a party may
> suffer in being required to go forward, and the orderly course of justice
> measured in terms of simplifying or complicating of issues, proof, and
> questions of law which could be expected to result from a stay.

*CMAX, Inc.*, 300 F. 2d at 268 (citing *Landis*, 299 U.S. at 254-55.

The party seeking the stay bears the burden to demonstrate a clear hardship or
inequity if the present action moves forward, to address the injury done to the opposing
party and to evaluate the public interest, including the judiciary's interest in efficiency,
economy and fairness. *See generally, Landis, supra*, 299 U.S. at 255; *CMAX, Inc, supra*,
300 F. 2d at 268-69.

Given the present posture of this case, a stay on the determination of Petitioner's
Motion to Broaden the Certificate of Appealability is unwarranted.  Mr. Hoffman was
convicted and sentenced in 1989.  Due to his untreated mental state, he has moved to
dismiss his appeals numerous times to such an extent that the most recent was summarily
denied. *See Order*, March 30, 2002 [Dkt. # 386]; *see also*, Memorandum by Capital

---

[3] *See e.g., Dickens v. Stewart*, CV-01-757-PHX-SMM, Hon. Stephen M.
McNamee, Chief United States District Judge, District of Arizona, Order filed
September 18, 2002; *Gonzales v. Stewart*, CV-99-2016-PHX-SMM, Hon. Stephen M.
McNamee, Order filed September 18, 2002.

Habeas Unit in Opposition to Petitioner's Motion to Dismiss Appeals and Enjoin

Attorneys [Dkt. 305] at p. 7. On remand, the district court granted relief and ordered a

resentencing as a result of the ineffective assistance of counsel ["IAC"][4] and though the

court denied the conviction-related IAC claims, it did issue a COA on those issues

which are significant issues of ineffectiveness at guilt/innocence stage.[5] Hoffman's

immediate interests lies in expeditious resolution of his appeal making a stay pending the

state court proceedings contrary to the interests of Petitioner.

**b.    Staying the proceedings does not serve either the court or the parties.**

Petitioner acknowledges that in appropriate cases this Court has held the appellate

proceedings in abeyance in capital cases under similar circumstances as those of

Petitioner where the petitioner has sought the same. *See e.g., Summerlin v. Stewart*, No.

98-999002 (9th Cir. 2002) (Motion to Hold in Abeyance filed July 5, 2002; Order

granting motion dated July 12, 2002). In *Pizzuto v. Arave*, No. 97-9901, however, also

pending in this Court, the Petitioner's filed the same state postconviction pleadings as

---

[4] Due primarily to counsel's failure to develop evidence of mild mental retardation and a history of mental, intellectual and substance abuse problems, including that Petitioner is mildly mentally retarded, an issue likely to result in the preclusion of Petitioner's execution in any event under *Atkins v. Virginia*, 536 U.S.– (2002) . See Memorandum Decision and Order, March 30, 2002, pp. 10-11, 14-15, 20-21. [Dkt. 387].

[5] Including but not limited to the failure of trial counsel to raise issues of Petitioner's incompetency despite concerns regarding the same, failure to develop diminished capacity despite undisputed evidence of organically caused psychosis exacerbated at and near the time of the offense of drug-induced psychosis and evidence that the intellectual limitations of Petitioner resulted in a false confession and manipulative conspiracy to place blame on Petitioner despite his innocence. *See* Memorandum in Support of Certificate of Appealability (April 29, 2002) [Dkt. #390].

Mr. Hoffman and currently has Motion to Hold The Federal Proceedings in Abeyance

spending final disposition of the state court proceedings. This Court has ordered

briefing on the impact of *Ring* on the appeal issues and set the same for oral argument

*prior to* its determination of whether to grant a stay of proceedings. *See Pizzuto v. Arave*,

No. 97-99017; (Orders filed August 13, 30, 2002).

In this case, there is nothing the state court can do in the pending petition for

postconviction relief which will resolve all the issues on appeal. There will remain

issues significant substantive conviction -related claims regardless of the state decision.

Here resolution of the appeal may render the need for this Court to determine the

retroactivity of *Ring* unnecessary. *See e.g., Beaty v. Stewart*, ___ F.3d ___, 2002 WL

1968592 (9th Cir. Aug. 27, 2002). To delay the relief already ordered and the appeal on

the significant trial issues is contrary to the goal of judicial efficiency and expeditious

determination of the pending issues and serves no party in this case. Under Petitioner's

unique circumstances holding the case in abeyance serves only to delay, divide and

disjoint the matter now on appeal.

### c.  Not Staying the Present Case Furthers Interests in Economy and Efficiency for the Court, Litigants and Counsel.

Determination of the pending Motion to Broaden the Certificate of Appealability

and resumption of the briefing schedule in this matter promotes interests in economy of

time and effort for the Court, the litigants and their lawyers. First, counsel's efforts in

preparing to brief and argue Petitioner's federal conviction-related and non-*Ring*

sentencing-related claims will benefit both litigants even if the state court grants

Petitioner relief on his *Ring* claim. If the Idaho courts grant petitioner a new sentencing

proceeding on *Ring,* interests in judicial economy and efficiency are better served by

having not stayed the briefing schedule because "[t]he conviction issues remain alive

despite the grant of habeas on the sentence and must be decided regardless of the

outcome of the sentencing. *See Blazak v. Ricketts,* 971 F. 2d 1408, 1413-14 (9th cir.

1992). Similarly any research and briefing performed by the parties' lawyers in

connection with Petitioner' non-*Ring* sentencing claims will benefit Petitioner and the

State even if the state courts determine Petitioner is entitled to be resentenced under

*Ring.*

## 3.     The Ninth Circuit Court of Appeals' Determination of the Retroactivity of *Ring v. Arizona.*

The third question upon which this Court sought briefing appears to be an issue

directed to the internal workings of this Court and outside Petitioner's claim for

expeditious resolution. It is clear that the Court has an intention and an obligation of

reaching the issue of the retroactive application of *Ring v. Arizona. See e.g., Pizzuto v.*

*Arave,* Case No.97-99017 (DC No CV 92-00241-S-AAM) (Order, filed July 1,

2002.)(staying "mandate in this case is further stayed pending this court's decision in

*Summerlin v. Stewart.*"); *Jeffrey Timothy Landrigan v. Terry Stewart, Director,* Ninth

Circuit No. 00-99011 [DC No. CV-96-02367-PHX-ROS](Order dated July 9,

2002)(holding action on appellant's case pending determination by this court on the

PETITIONER'S BRIEF RE STAY OF DETEMINATION OF COA ON *RING*     - 8

issue of whether *Ring v. Arizona*, applies to pending habeas corpus cases [which determination] will be made by another panel of this court.") (Order, dated July 9, 2002).   Following the orders in *Pizzuto* and *Landrigan* which anticipate determination by this Court of the *Ring* issues in the *Summerlin case*, state proceedings were initiated on behalf of Mr. Summerlin in the Arizona Supreme Court.  Upon motion of petitioner, this Court granted a stay of the proceedings pending state court proceedings. *Summerlin, supra* (Order dated July 12, 2002).

In light of the unpredictability of the course other cases may take while the impact of *Ring* is thrashed out in the federal and courts of Arizona and Idaho, staying the determination at this juncture to defer to another panel is neither appropriate or necessary.

There is no rule regarding the selection and deferment to a specific panel in the determination of an issue.  Thus, the decision to stay the COA on the *Ring* issue rests in the sound discretion of the Court in the exercise of its inherent power to control its docket and the orderly administration of justice.  In light of the posture of Petitioner's case and Petitioner's fragile state of mind and lack of treatment therefore, delay in this case is prejudicial.  This Court should proceed on appeal, permitting briefing and argument on all of the appropriate issues including *Ring*.  To do otherwise is to either permit an unwarranted delay in these proceedings or compel Petitioner to abandon a claim which may well save his life.

PETITIONER'S BRIEF RE STAY OF DETEMINATION OF COA ON *RING*      - 9

## CONCLUSION

The Petitioner respectfully requests that the court grant Petitioner's motion to broaden his certificate of appealability and proceed to resolve Petitioner's appeal in as expeditious a manner as possible.

DATED this 20th day of September, 2002.

CAPITAL HABEAS UNIT

Joan M. Fisher

Ellison Matthews
Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2002, I caused to be served a true and correct copy of the foregoing document by the method indicated below, postage prepaid where applicable, and addressed to:

Alan G. Lance
Idaho Attorney General
L.LaMont Anderson
Chief, Capital Litigation Unit
Idaho Attorney General's Office
Criminal Division
PO Box 83720
Boise ID 83720-0010

___✓___ U.S. Mail
_____ Hand Delivery
_____ Facsimile
_____ Overnight Mail
_____ Fed Ex