IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS EUGENE CREECH, ) | |
| ) | Case No. CV-99-224-S-BLW |
| Petitioner, ) | |
| ) | **CAPITAL CASE** |
| v. ) | |
| ) | **ORDER** |
| JOHN HARDISON, Warden, ) | |
| ) | |
| Respondent.[1] ) | |
| _____ ) | |

Before the Court in this capital habeas corpus case is Petitioner's Motion for Leave to Conduct Discovery. (Docket No. 139.) Respondent opposes the request.

The Court has carefully considered the matter and concludes, for the reasons that follow, that the Motion will be denied.

**PROCEDURAL BACKGROUND**

In 1981, the State of Idaho charged Petitioner with first-degree murder for the beating death of fellow prison inmate David Jensen. Petitioner pled guilty to this charge and was sentenced to death. Since that time, Petitioner has journeyed through the state and federal court systems, and the state district court has twice

---

[1] John Hardison, the current warden of the Idaho Maximum Security Institution, is substituted for Dave Paskett as the proper respondent under Federal Rule of Civil Procedure 25(d).

**ORDER - 1**

resentenced him to death, most recently in 1995.

Petitioner initiated the current habeas proceeding in 1999, and the matter was subsequently stayed so that he could attempt to exhaust additional claims in state court. After the most recent stay was lifted, Petitioner filed a Second Amended Petition on March 24, 2005. (Docket No. 131.) Respondent thereafter submitted a Motion to Dismiss Procedurally Defaulted Claims and a Motion to Dismiss *Teague*-Barred Claims. (Docket Nos. 133 & 134.)

As part of its most recent scheduling order, this Court indicated that it would consider discovery requests after Respondent filed a motion to dismiss, but that such requests were to be "limited solely to procedural issues." (Docket No. 129, ¶ 3.) Petitioner has now filed a Motion for Leave to Conduct Discovery, and the Court has extended the time for Petitioner's response to Respondent's Motion to Dismiss Procedurally Defaulted Claims until after it resolves the discovery matter.

## STANDARD OF LAW

A habeas petitioner, unlike a traditional civil litigant, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a habeas petitioner must first seek leave of court, and leave will be granted only upon a showing of good cause. *See* Rule 6(a) of the Rules Governing Section 2254 Cases (Habeas Rules). A petitioner has generally shown good cause when

ORDER - 2

there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *See Bracy*, 520 U.S. at 908-09 (*citing Harris v. Nelson*, 394 U.S. 286, 295 (1969)).  A request for discovery, however, must be supported by specific factual allegations, and discovery will not be allowed so that the petitioner can "explore [his] case in search of its existence," looking for new constitutional claims.  *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999); *see also Abut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  If good cause is shown, the extent and scope of discovery is within the court's discretion.  *See* Habeas Rule 6(a).[2]

## DISCUSSION

Given the procedural posture of this case, this Court determined that discovery on the merits of claims that may be dismissed on procedural grounds would be premature, and for that reason the Court has limited its consideration of discovery requests to issues raised by Respondent's contention that several of Petitioner's claims are procedurally defaulted.  (Docket No. 129, ¶ 3.)  Accordingly, to establish good cause, Petitioner must show that he has a specific

---

[2] Because discovery at this stage in the litigation is limited to preliminary matters, rather than development of the merits, the Court applies the pre-AEDPA good cause standard to Petitioner's Motion.  The Court need not address whether AEDPA's limitation on evidentiary hearings in federal court, particularly 28 U.S.C. § 2254(e)(2), alters the standard for discovery on the merits of claims in a post-AEDPA case.

**ORDER - 3**

need to develop facts that may demonstrate cause and prejudice, or a fundamental miscarriage of justice, to excuse any potentially defaulted claims. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (cause and prejudice); *see also Schlup v. Delo*, 513 U.S. 298, 329 (1995) (a fundamental miscarriage of justice occurs when the petitioner can show that he is probably innocent).

Despite initially acknowledging the narrow scope of discovery at this stage in the proceeding, Petitioner's Motion is extremely broad. As an example of the wide ground that Petitioner seeks to cover, he proposes that Respondent "identify any and all documents that refer or relate to any of the claims in the Petition," and to produce for inspection and copying "all documents" that relate to his criminal and post-conviction cases in state court, or "any other files related to the investigation, prosecution, trial, or post-conviction matters of Thomas Eugene Creech." *See Petitioner's First Set of Interrogatories, Request for Production, and Request for Admissions to Respondent*, pp. 5, 7. Petitioner also suggests that he be allowed to depose eighteen individuals because they "possess personal knowledge in regard" to various "allegations in the Petition." *Memorandum in Support*, pp. 6-8. After reviewing Petitioner's proposed requests, the Court concludes that they are not designed to assist Petitioner in responding to allegations of procedural default, but are instead intended to cast a wide net, seeking broad discovery on the

**ORDER - 4**

merits of habeas claims and, in some instances, fishing for new claims.

In responding to these concerns, Petitioner contends that discovery would assist him in proving ineffective assistance of counsel, which can serve as a cause to excuse an otherwise defaulted habeas claim. *See Petitioner's Reply,* pp. 3-5. He also asserts that the State may have withheld exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and that he needs additional evidence to support this assertion. *Petitioner's Reply*, pp. 7-9.

While it is true that ineffective assistance of counsel may, under certain circumstances, serve as cause for a default, Petitioner has not tied a claim of ineffective assistance to the potential default of another habeas claim. In other words, Petitioner has not explained precisely why ineffective assistance of counsel may supply a valid reason for his failure to raise another constitutional claim at the correct time and in the correct manner in state court.[3] Perhaps more to the point, Petitioner's requests are overly broad, and he has simply not carried his burden to show with some specificity that if the facts were more fully developed regarding a particular allegation, he may be entitled to "relief," meaning that he may be able to demonstrate cause and prejudice to excuse a procedural default. *Cf. Bracy v.*

---

[3] For example, Petitioner claims that he needs broad discovery to support his allegation that his trial counsel was constitutionally ineffective in his investigation and presentation of mitigating evidence, *see Reply*, pp. 3-5, but Petitioner does not explain how counsel's deficient mitigation investigation would supply the cause for the default of another claim.

**ORDER - 5**

*Gramley*, 520 U.S. 899, 908-09 (1997).

Similarly, Petitioner does not support his vague contention that he needs discovery to develop a potential *Brady* claim. The Court is unaware of a specific *Brady* claim in the Second Amended Petition, and Petitioner has not explained how prosecutorial misconduct generally may have caused him to default a habeas claim. Petitioner's suggestion that *Brady* material has been found in other capital habeas cases, even if true, does not warrant discovery in the absence of some indication that such material may exist in this case.

Therefore, the Court concludes that Petitioner has not shown good cause, and his Motion for Leave to Conduct Discovery will be denied. This denial is without prejudice to Petitioner's right to re-file a motion for discovery, at the appropriate time, with respect to any claims that are not dismissed and proceed to the merits.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Leave to Conduct Discovery (Docket No. 139) is DENIED.

IT IS FURTHER ORDERED that within 30 days of the date of this Order Petitioner shall file a Response to Respondent's Motion to Dismiss Procedurally Defaulted Claims. Respondent may file a Reply within 20 days of receiving the

**ORDER - 6**

Response.

IT IS FURTHER ORDERED that the Clerk of Court shall substitute John Hardison, the current warden at the Idaho Maximum Security Institution, in the place of Dave Paskett as the proper Respondent in this matter.



DATED: **October 14, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER - 7**