IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

THOMAS EUGENE CREECH,    )
       )    Case No. CV 99-0224-S-BLW
    Petitioner,    )
       )    **CAPITAL CASE**
v.    )
       )    **MEMORANDUM DECISION**
JOHN HARDISON, Warden,    )    **AND ORDER**
       )
    Respondent.    )
_____ )

## INTRODUCTION

Before the Court are Respondent's Motion to Dismiss *Teague*-barred Claims
(Docket No. 133) and Respondent's Motion to Dismiss Procedurally Defaulted
Claims (Docket No. 134).  Also pending is Petitioner's Second Motion for
Discovery.  (Docket No. 160.)  To avoid further delay, the Court has determined
that these matters will be decided on the briefing and record without oral argument.
D. Idaho L. Civ. R. 7.4(d).

For the reasons set forth more fully herein, the Court concludes that Claims
7 and 35-43 are *Teague*-barred and will be dismissed.  The Court will reserve its
ruling on Respondent's remaining *Teague* arguments until after additional
pleadings have been filed.  The Court further concludes that the following habeas

**Memorandum Decision and Order - 1**

claims have been procedurally defaulted: 4 (in part), 8, 10 (in part), 11 (in part), 13, 16, 17, 19, 22 (in part), 29-32, 44, and 45.  These claims will be dismissed unless, after a period of limited discovery, Petitioner can show cause and prejudice to excuse any default.

## PROCEDURAL BACKGROUND

In 1981, the State of Idaho charged Thomas Creech with first-degree murder for the beating death of fellow prison inmate David Dale Jensen.  Creech pled guilty to the charge and was sentenced to death.  After a remand for resentencing in open court, the Idaho Supreme Court affirmed the conviction and sentence.  *State v. Creech*, 670 P.2d 463 (Idaho 1983) (*Creech I*).  Creech's subsequent request to withdraw his guilty plea was unsuccessful.  *State v. Creech*, 710 P.2d 502 (Idaho 1985) (*Creech II*).

In January 1986, Creech filed his first federal habeas petition, which was denied.  On appeal, the Ninth Circuit affirmed in part and reversed in part, concluding that three constitutional errors occurred during the sentencing proceeding.  *Creech v. Arave*, 947 F.2d 873, 881-85 (9th Cir. 1991) (*Creech III*).  The United States Supreme Court granted certiorari on a single issue, holding that Idaho's "utter disregard" aggravating circumstance, as interpreted by the state supreme court, adequately channels a sentencer's discretion for purposes of the

**Memorandum Decision and Order - 2**

Eighth Amendment.  *Arave v. Creech*, 507 U.S. 463 (1993) (*Creech IV*).  Because the Supreme Court did not review the Ninth Circuit's finding of other errors, the case returned to state court for a new sentencing hearing.  *Id*. at 478-79.

While Creech was awaiting resentencing, he filed a second Motion to Withdraw Guilty Plea.  The district court concluded that all issues regarding the validity of the guilty plea had already been resolved, and it denied the Motion.

On April 17, 1995, the district court resentenced Creech to death.  Creech's appointed counsel, who had represented him since the inception of the case, filed an application for post-conviction relief and requested permission to withdraw. The district court granted this request and substituted the Ada County Public Defender.  Creech's assigned public defender, August Cahill, amended the post-conviction application and included allegations of ineffective assistance of counsel. After an evidentiary hearing, at which trial and sentencing counsel testified, the district court denied relief.

Cahill represented Creech during the consolidated appeal from the reimposition of a death sentence and from the denial of post-conviction relief.  The Idaho Supreme Court affirmed.  *State v. Creech*, 966 P.2d 1 (Idaho 1998) (*Creech V*).

In 1999, Creech initiated the current federal habeas proceeding.  The matter

**Memorandum Decision and Order - 3**

was later stayed so that Creech could attempt to exhaust additional claims in a new state post-conviction proceeding. In 2002, the Idaho Supreme Court dismissed the new action pursuant to the timeliness and waiver provisions of Idaho Code § 19-2719. *Creech v. State*, 51 P.3d 387 (Idaho 2002) (*Creech VI*). The federal case was also stayed while Creech pursued another application for post-conviction relief based upon *Ring v. Arizona*, 536 U.S. 584 (2002), which was also dismissed.

After the most recent stay was lifted, Creech returned to federal court and filed a Second Amended Petition, raising forty-five claims. In accordance with the Court's scheduling order, Respondent filed the pending motions. Creech also submitted a Motion for Discovery, which was denied.

Creech has since replied to Respondent's motions, and he has renewed his request for discovery on cause and prejudice issues. These matters are now ripe for adjudication.

## NON-RETROACTIVITY

Respondent first contends that Creech impermissibly seeks the application of new rules of constitutional law in thirty-two of claims, in violation of the non-retroactivity principles set out in *Teague v. Lane*, 489 U.S. 288 (1989). Creech counters that *Teague* requires an initial screening of constitutional claims, and he suggests that *Teague* issues should be resolved only after additional pleadings and

briefing have been filed.  With the following exception, the Court will grant Creech's request.

The Court sees no purpose, however, in allowing Creech's *Ring*-based claims to linger in this proceeding (Claims 7, 35-43).[1]  In *Ring*, the Supreme Court followed its recent decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and held that any aggravating fact that would make a defendant eligible for the death penalty must be proved to a jury, rather than a judge, beyond a reasonable doubt. 536 U.S. at 603-09.  The Supreme Court has since determined that *Ring* announced a new rule that is not retroactive to cases that were final when it was decided. *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004) (rejecting an argument that *Ring* worked either a substantive change or a watershed procedural change in the law).

Here, the parties agree that Creech's conviction became final for *Teague* purposes on June 1, 1999, one year before *Apprendi* and nearly three years before

---

[1]  These claims are:  Claim 7 (involuntary guilty plea because Creech was not notified of the "elements" that made him eligible for a death sentence); Claim 35 (sentenced to death for first degree murder, not "capital murder"); Claim 36 (sentenced to death in excess of the statutory maximum based upon guilty plea to first degree murder, not "murder plus aggravator"); Claim 37 (denial of jury factfinding on the aggravating circumstances); Claim 38 (denial of notice in the charging document of the aggravating circumstances); Claim 39 (denial of preliminary hearing on aggravating circumstances); Claim 40 (denial of the right to jury sentencing); Claim 41 (denial of the right to jury factfinding on mitigation); Claim 42 (denial of the right to jury factfinding on weighing).

In Claim 43, Creech contends that he was denied equal protection of the law because similarly situated defendants whose convictions were not final at the time *Ring* was announced received the benefit of the new rule.  This appears to be a camouflaged argument that the new rule should be retroactive, which the Supreme Court has rejected.

**Memorandum Decision and Order - 5**

*Ring*.  Because *Summerlin* determined conclusively that *Ring* is not retroactive, Claims 7 and 35-43 are clearly *Teague*-barred and will be summarily dismissed. With this exception, the Court will defer its decision on *Teague* issues until after additional pleadings have been filed in this case.

The Court now turns to Respondent's contention that, other than Claims 2 and 4, ¶ 99(d)&(k), the remaining claims in the Second Amended Petition were not presented at the correct time or in the correct manner in state court and are procedurally defaulted, in whole or in part, in this habeas proceeding.

## LEGAL FRAMEWORK FOR
## EXHAUSTION AND PROCEDURAL DEFAULT

1.   <u>Fair Presentation</u>

A habeas petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To exhaust state court remedies properly, the petitioner must have fairly presented his constitutional claims, giving the state courts a full and fair opportunity to correct the alleged error at each level of appellate review.  *Baldwin v. Reese*, 541 U.S. 27 (2004).

The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim, and general references in state court to broad constitutional principles, such as due process, equal protection, and

the right to a fair trial, are likewise insufficient.  *See Duncan v. Henry*, 513 U.S.

364, 365-66 (1995) (similarity of claims is insufficient); *see also Hiivala v. Wood*,

195 F.3d 1098, 1106 (9th Cir. 1999) (appeal to broad principles insufficient).  The

petitioner must ordinarily cite the federal constitutional provision that supports his

claim, federal cases that apply the constitutional rule, or state court cases that

clearly analyze the federal claim.  *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir.

2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).  Additionally, if

the petitioner fundamentally alters the claim by pleading new material facts in

federal court, the requirement of fair presentation has not been satisfied.  *Kelly v.

Small*, 315 F.3d 1063, 1069 (9th Cir. 2003);  *Belmontes v. Brown*, 414 F.3d 1094,

1117-18 (9th Cir. 2005) (citations omitted).

          2.     Independent and Adequate State Rule

     When a habeas petitioner has not fairly presented a constitutional claim to

the highest state court, and it is clear that the state court would now refuse to

consider it because of the state's procedural rules, the claim is procedurally

defaulted.  *Gray v. Netherland*, 518 U.S. 152, 161 (1996).  A habeas claim is also

defaulted when the petitioner actually raised the constitutional claim in state court,

but the state court denied or dismissed the claim after invoking a procedural bar

that is independent of federal law and is adequate to support the judgment.

**Memorandum Decision and Order - 7**

*Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  To be "independent," the state court's decision must not be interwoven with federal law or rest primarily upon federal law.  *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).  To be "adequate," the state procedural rule must be "clear, consistently applied, and well established" at the time of the petitioner's default.  *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).  A claim that rests upon an independent and adequate state law ground will not be considered in a habeas proceeding unless the petitioner can establish cause for his procedural default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750.

The respondent has the initial burden to plead the existence of an independent and adequate state law ground.  *Bennett*, 322 F.3d at 585-86.  If the petitioner then places the defense in issue by citing inconsistent application of the procedural bar, the ultimate burden is on the respondent to demonstrate the adequacy and applicability of the bar.  *Id*.

3.    Mandatory Sentencing Review in Idaho

In a situation apparently unique to Idaho, certain constitutional sentencing claims will be reviewed in a habeas proceeding regardless whether the petitioner fairly presented those claims.

**Memorandum Decision and Order - 8**

The Idaho Supreme Court has a statutory duty to review any death sentence to determine, in part, whether it is based upon "passion, prejudice, or any other arbitrary factor." Idaho Code § 19-2827(c)(1). In *Beam v. Paskett*, 3 F.3d 1301, 1306 (9th Cir 1993), a panel of the Ninth Circuit Court of Appeals determined that the Idaho Supreme Court considers as part of its mandatory review certain constitutional sentencing errors without regard for whether they were raised on appeal. Whether *Beam* is interpreted as carving out a special category of proper exhaustion for "implicitly" considered sentencing claims, or whether *Beam* creates an exception to the procedural default of such claims, the practical effect is that sentencing claims that fall within its ambit will not be barred from review in federal habeas. *See Hoffman v. Arave*, 236 F.2d 523, 536 (9th Cir. 2001) (reaffirming *Beam*).

The scope of habeas review, though, is no broader than the Idaho Supreme Court's mandatory review. *See Beam*, 3 F.3d at 1306. Claims that make a broad-based constitutional challenge to Idaho's death penalty process, are based on matters outside of the record before the Idaho Supreme Court, or allege that the Idaho Supreme Court itself erred during its direct or post-conviction review, are not encompassed by that review.[2]

---

[2] In addition, as the Court has noted in other capital habeas cases, it continues to question the reasoning upon which *Beam* is based. The Court doubts that the Idaho Supreme Court has

Creech's attempt to expand the scope of the Idaho Supreme Court's review, either as part of § 19-2827 or review for "fundamental error," is unpersuasive. Aside from capital sentencing issues, the general rule in Idaho is that the burden is on the appellant to demonstrate error on appeal, and the appellate court will not independently search the record for error.  *Woods v. Crouse*, 620 P.2d 798, 799 (Idaho 1980).  An Idaho appellate court may, in its discretion, review a trial error that was not preserved in the lower court, *but that has been presented to it on appeal,* if it deems the error to be fundamental.  *See, e.g., State v. Broadhead*, 84 P.3d 599, 603 (Idaho Ct. App. 2004).  The Idaho Supreme Court has not dispensed with the requirement that a non-sentencing claim must be presented on appeal, even in capital cases, and the cases that Creech cites are not to the contrary.

In *State v. Osborn*, 631 P.2d 187 (Idaho 1981), the Idaho Supreme Court reviewed an error that was raised for the first time on appeal as part of its statutory review of the death sentence.  *Id*. at 191-93.  The court also noted, in dicta, that it would be vigilant in capital cases to consider non-sentencing constitutional errors that may not have been technically preserved below but that have been presented

_____

truly had a fair opportunity to pass on constitutional sentencing claims that, as a practical matter, were not revealed until the petitioner arrived in federal court.  Such a practice seems antithetical to the comity and federalism principles that support the exhaustion requirement.

In any event, *Beam* is still controlling law in this jurisdiction, and until it is expressly overruled, or Idaho narrows its mandatory review, this Court must follow *Beam*.

**Memorandum Decision and Order - 10**

*on appeal.  Id.*  Contrary to Creech's argument, *Osborn* cannot be stretched to stand for the principle that the state court implicitly considers all constitutional errors of any stripe regardless whether the appellant brings those errors to its attention.

Likewise, in *State v. Sivak*, 674 P.2d 396 (Idaho 1983), the court addressed *sua sponte* whether the exclusion of a jury during the capital sentencing process violated the state constitution.  *Id.* at 399.  This issue, of course, relates to sentencing procedure rather than fundamental error that may have occurred during trial.

Finally, it is true that in *State v. Leavitt*, 755 P.2d 599 (Idaho 1989), the Idaho Supreme Court noted that it had "carefully reviewed the record for any indication of prejudicial error occurring at trial, regardless whether or not error has been specifically asserted by the defendant."  *Id.* at 602.  This expansive language is an anomaly.  Creech has cited no capital case other than *Leavitt* that clearly indicates that the Idaho Supreme Court will routinely search the entire record for error unrelated to the imposition of sentence when the appellant has not raised such error on appeal, and the Court has found none.  *See, e.g., State v. Lankford*, 747 P.2d 710 (Idaho 1987) ("[e]rror will not be presumed on appeal but must be affirmatively shown by the appellant"); *State v. Pizzuto*, 810 P.2d 680, 688 (Idaho

**Memorandum Decision and Order - 11**

1991) (same); *cf. State v. Wood*, 967 P.2d 702, 708-09 (Idaho 1998) (addressing the merits of an issue that was raised in the appellant's brief but that was lacking in citation to authority).

With the standards governing exhaustion and procedural default in mind, the Court addresses the claims in the Second Amended Petition.[3]

## ANALYSIS OF CLAIMS

1.   <u>Mandatory Sentencing Review</u>

The following claims were at least implicitly reviewed and denied on the merits as part of Idaho's statutory sentencing review, as interpreted by *Beam,* and will not be dismissed as procedurally defaulted: 1-3, 5-6, 14, 15 (only to the extent it alleges error by the district court), 18 (same), 20, 23, 24, 26-28, 33-34.  All other claims that may have a sentencing component do not fall within the scope of review as framed by *Beam*.[4]

2.   <u>Remaining Claims</u>

a.   <u>Claim 4:  Ineffective Assistance of Counsel</u>

Creech raises over sixty subclaims of ineffective assistance of counsel.  The

---

[3]  The only issue before the Court is whether the claims are defaulted by a state procedural rule.  The Court expresses no opinion regarding the effect of any decision in Creech's previous federal habeas matter on these claims.

[4]  These include: Claim 16 (general attack on statute); Claim 17 (error during direct appeal); Claim 19 (general attack); Claim 21 (general attack); Claim 25 (general attack), and Claim 29 (general attack).

Court finds that the following general allegations were fairly presented to the Idaho Supreme Court and are free of a state procedural bar:

(1)    Trial counsel failed to move to withdraw based upon a conflict of interest, but this claim is limited to "a major disagreement" between counsel and Creech about whether to plead guilty and counsel's alleged status as a witness "about the plea," meaning the circumstances surrounding Creech's decision to enter a guilty plea. *Second Amended Petition*, ¶ 99(c); *State's Lodging J-42*, pp. 91-93; *Creech V*, 966 P.2d at 21.  Creech's allusion to other "known conflicts of interest" is procedurally defaulted.  *Creech VI*, 51 P.3d at 389-90.

(2)    Trial counsel failed to communicate adequately and consistently with Creech.  ¶ 99(i); *Creech V*, 966 P.2d at 19-20.

(3)    Trial counsel did not conduct an adequate and independent mitigation investigation in anticipation of sentencing, in the following ways: (a) counsel failed to conduct a reasonable investigation into Creech's "background and personal history," *see Creech V*, 966 P.2d at 18-19; (b) counsel failed to investigate the victim's history of assaultive behavior (limited to sentencing claim); (c) counsel failed to retain mental health experts before sentencing; and (d) counsel failed to

**Memorandum Decision and Order - 13**

present mitigating mental health evidence at the sentencing hearing. ¶

99(h)(but only to the extent that is applies to sentencing); ¶

100(b)(d)(j)(o)&(q); *State's Lodging J-42*, pp.77-86; *Creech V*, 966

P.2d at 18-19.

In his appellate brief during the 1998 appeal, Creech inserted a few

conclusory allegations that he attempts to bring again here.[5]  In refusing to

entertain the merits, the Idaho Supreme Court applied the state rule of appellate

procedure that requires a party to support an issue on appeal with argument and

citation to authority and the record, or the appellate court will deem the party to

have waived the issue.  *Creech V*, 966 P.2d at 18-22 (citing Idaho Appellate Rule

35(a)(6) and *State v. Zichko*, 923 P.2d 966, 970 (Idaho 1996).  Creech suggests that

the Idaho Supreme Court has not consistently enforced this rule, particularly in

capital cases.  In support, he cites *State v. Wood*, 967 P.2d 702, 708-09 (Idaho

1998), in which the court disregarded the rule to reach the merits.

Conversely, Respondent has directed the Court's attention to the Ninth

Circuit's decision that Idaho's appellate waiver rule is generally adequate to

preclude federal review, noting that "Idaho appellate courts have been relying on

---

[5] These include the following: counsel was ineffective because he did not challenge the admission of prior convictions; counsel failed to adequately protect Creech's rights regarding communications with mental health professionals; and counsel's vague deficiencies in preparing Creech's motion to withdraw the guilty plea.  *State's Lodging J-42*, pp. 86-87, 89-94.

these provisions for many years, including in cases before [the petitioner's] original conviction, to reject appeals." *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001) (citing cases). In addition to Creech's case, Respondent has also cited other capital cases in which the Idaho Supreme Court has enforced this bar. *State v. Hairston*, 988 P.2d 1170, 1185 (Idaho 1999); *State v. Porter*, 948 P.2d 127, 150 (Idaho 1997).

This Court concludes that Respondent has carried his burden to show that the state rule was clear, consistently applied, and well established at the time of Creech's default. *Bennett*, 322 F.3d at 585-86. At most, *Wood* represents a minor deviation that does not render the rule inadequate. *See Wood v. Hall*, 130 F.3d 373, 378 (9th Cir. 1997) (noting that the exercise of judicial discretion, or the occasional act of grace, will not make a state court's invocation of a rule inadequate).

Creech also asserts that the state court misapplied its own rule. The federal question before the Court is limited to whether the rule is firmly established and consistently applied. Once that determination has been made, the Court lacks the authority to review whether the state court applied its own procedural rule correctly. *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999). In any case, the Court agrees that Creech did not support these particular allegations with

**Memorandum Decision and Order - 15**

sufficient argument or citation; the state court was not required to wade through the oblique references in his brief, or scour the record, to conjure up issues for appellate review.

Aside from the fairly presented claims listed above and subclaims ¶ 99(d)&(k), which are not at issue, all other allegations of ineffective assistance were not presented at the correct time or in the correct manner and are defaulted.

   b.  <u>Claims 8-13: Involuntary Guilty Plea</u>

In these six related claims, Creech asserts that he did not knowingly, intelligently, and voluntarily plead guilty.  The Court concludes that Creech has properly exhausted Claims 9, 10 (in part), 11 (in part), and 12, and those claims are ripe for review.  The other claims are not properly exhausted.

In Claim 8, Creech asserts that the Ada County Sheriff plied him with various privileges while he was awaiting trial, coercing him to plead guilty.  In the statement of facts portion of his state court appellate brief, Creech mentioned, in passing, the Sheriff's influence on his decision to plead guilty, but the Idaho Supreme Court determined that Creech had failed to support any issue in that regard with argument and citation.  *Creech V*, 966 P.2d at 22.  This is an independent and adequate state ground, and the claim is defaulted.

In Claim 9, Creech contends that he was forced to represent himself at the

**Memorandum Decision and Order - 16**

change of plea hearing without a knowing and voluntary waiver of his Sixth
Amendment right to counsel, in violation of *Faretta v. California*, 422 U.S. 806
(1975).  The Court concludes that Creech raised the substance of this claim during
the 1985 appeal from the denial of his first request to withdraw his guilty plea.[6]
*See State's Lodging G-28,* pp. 38-39.

     In Claim 10, Creech contends that he was deprived of the assistance of
counsel because of an actual conflict of interest.  The factual basis for this claim
appears to be somewhat similar to Claim 4, ¶ 99(c)&(i), and to the extent that it is
based upon a lack of communication or a breakdown in communication between
attorney and client, it is properly exhausted.  *State Lodging J-43*, pp. 91-93.  To the
extent that it is based upon matters beyond that factual basis, the claim has not
been properly exhausted.

     In Claim 11, Creech again alleges a conflict of interest.  *Second Amended
Petition*, p. 44.  Creech seems to rely primarily upon the Ada County Public
Defender's simultaneous representation of Creech and various other inmates who
may have been potential witnesses to the crime.  This aspect of Claim 11 is similar

---

[6]  Respondent's argument that Creech cannot rely upon briefing in the Idaho Supreme
Court prior to the 1995 resentencing hearing to show fair presentation of this claim is unavailing.
The Idaho Supreme Court was alerted to the federal nature of the claim and had an opportunity
to address it.  This is sufficient for fair presentation.  Additionally, because the claim alleges a
constitutional error at the change of plea hearing and not an error during one of the original
sentencing hearings, it was not mooted when Creech received sentencing relief in 1993.

**Memorandum Decision and Order - 17**

to Claim 30, and both have been procedurally defaulted.  *See Creech VI*, 51 P.3d at 389-90.  But to the extent that Creech contends that a conflict developed because of counsel's status as a witness about Creech's decision to plead guilty and the circumstances surrounding the change of plea hearing, he raised a similar, albeit vague, allegation in state court, which was denied on the merits.  *State's Lodging J-42*, pp. 91-93; *Creech V*, 966 P.2d at 21.  This portion of the claim is properly exhausted.

In Claim 12, Creech raises a due process argument that he was not permitted to litigate his renewed motion to withdraw his guilty plea before the resentencing hearing.  This claim was fairly presented to the Idaho Supreme Court and was denied by that court as lacking in merit.  *State's Lodging J-43*, p. 94.

Finally, in Claim 13, Creech contends that he was unconstitutionally compelled to choose between the exercise of his right to be free from cruel and unusual punishment and his constitutional trial rights.  This claim has never been raised in the Idaho Supreme Court and is now defaulted.

Despite the fair presentation of some of the guilty plea claims, Respondent contends that the issues cannot be reviewed because the Idaho Supreme Court's invoked the doctrine of res judicata to reject all guilty plea matters during the 1998 appeal.  *Creech V*, pp. 21-22.  This Court disagrees with this assertion.  A state

court's invocation of res judicata to reject a claim under these circumstances "simply means that the state courts have already resolved the matter and want nothing more to do with it."  *See Porter v. Gramley*, 112 F.3d 1308, 1315-16 (7th Cir. 1997) (holding that a state court's reliance on res judicata does not result in a procedural default); *accord Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004).

   c. <u>Claim 16</u>

Creech alleges that Idaho's death penalty statute fails to channel the sentencer's discretion in a meaningful way, in violation of the Eighth and Fourteenth Amendments.  This claim was not presented to the Idaho Supreme Court.  It is not a *Beam*-type claim because it is a frontal attack on the statute.  The claim is now defaulted.

   d. <u>Claim 17</u>

Creech's contention that the Idaho Supreme Court failed to perform its statutory duty to determine whether the death penalty is excessive has not been properly exhausted.  Because the Idaho Supreme Court does not review its own decision as part of its mandatory duties under § 19-2827, the claim was not implicitly denied during the 1998 appeal and is now defaulted.

   e. <u>Claim 19</u>

Creech again brings a general attack on the Idaho death penalty process by

**Memorandum Decision and Order - 19**

alleging that the statute unconstitutionally shifts the burden of proof from the State to the defendant.  Though Creech raised a claim regarding the mandatory nature of Idaho's death penalty, he did not frame it as a burden-shifting argument.  *State's Lodging J-42*, pp. 61-63.  The claim now defaulted, and it is not saved by *Beam*.

      f.    <u>Claim 21</u>

Here, Creech does allege that Idaho's death penalty is mandatory.  He raised the claim in state court.  The Idaho Supreme Court relied upon the doctrine of res judicata and declined to revisit the matter.  *Creech V*, 966 P.2d at 15.  For the reasons expressed previously, this is not an independent and adequate state procedural ground that will bar federal review.

      g.    <u>Claim 22</u>

In this claim, Creech alleges that the disparate financial resources of Idaho counties result in an arbitrary and capricious application of the death penalty.  This claim was not fairly presented under the Eighth Amendment, but is properly exhausted to the extent that Creech relies upon the Sixth Amendment right to the effective assistance of counsel and the due process and equal protection clauses of the Fourteenth Amendment.  *State's Lodging J-42*, pp. 97-98; *Creech V*, 966 P.2d at 22 (addressing a substantive equal protection claim).

      h.    <u>Claim 25</u>

Creech contends that Idaho's aggravating factor based upon a "propensity to commit murder" is unconstitutionally vague.  This claim was presented during the 1998 appeal, but the Idaho Supreme Court concluded that it had been "fully litigated" in previous state court appeals, and it would not reconsider its previous decision.  *Creech V*, 966 P.2d at 11.  The claim has been properly exhausted.

### i.     Claim 29

Creech contends that the cumulative effect of various infirmities in Idaho's capital sentencing statute violate the Eighth and Fourteenth Amendments.  This claim was not raised in state court, and it is not a *Beam*-type claim because it constitutes a broad-based attack on Idaho's death penalty statute.  Therefore, it has been procedurally defaulted.

### j.     Claim 30: Public Defender's Conflicts of Interest

Creech raised this claim during his successive post-conviction proceeding in June 2000.  The Idaho Supreme Court concluded that it was waived under Idaho Code § 19-2719 because Creech did not raise it at the correct time.  *Creech VI*, 51 P.3d at 389-90.  The claim has been defaulted.

### k.     Claim 31

Creech's allegation that the time and waiver provisions of Idaho Code § 19-2719 are unconstitutional has been defaulted in the Idaho Supreme Court. *Creech*

**Memorandum Decision and Order - 21**

*VI*, 51 P.3d at 390-91.

l.      Claim 32

In this claim, Creech contends that unfettered prosecutorial discretion in seeking a death sentence violates his constitutional rights.  This is not the same as Creech's allegation based upon divergent financial resources of each county.  The claim has never been presented and is now defaulted.

m.      Claim 44

Creech contends that he had a right to jury sentencing under the Idaho Constitution, and that the state courts have deprived him of a right guaranteed to him under state law, in violation of federal due process.  Although Creech alleged in state court that he had a right to jury involvement in sentencing, he has not framed the claim in this manner.  The claim is therefore defaulted.

Alternatively, to grant relief this Court would be required to conclude that the Idaho Supreme Court has consistently misinterpreted its own constitution.  *See, e.g., State v. Leavitt*, 120 P.3d 283, 286 (Idaho 2005).  The interpretation of a state constitution is solely a matter of state law, and Creech's attempt to transform this issue into a federal question is unavailing.  Thus, the claim will be dismissed on that basis.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

3.      Conclusion

**Memorandum Decision and Order - 22**

The following claims are procedurally defaulted: 4 (in part), 8, 10 (in part), 11 (in part), 13, 16, 17, 19, 22 (Eighth Amendment), 29-32, 44, and 45.  The bulk of Creech's claims are defaulted based upon the timeliness and waiver provisions of Idaho Code § 19-2719, and the Court will now address whether that statute is an independent and adequate state procedural bar.

### ADEQUACY OF IDAHO CODE § 19-2719

On April 2, 1984, the Idaho Legislature enacted special procedure for capital cases with the express purpose of eliminating "unnecessary delay in carrying out a valid death sentence."  *See* Idaho Code § 19-2719.  These provisions supplement the Uniform Post-Conviction Procedure Act (UPCPA), Idaho Code §§ 19-4901 – 4909, but to the extent that they conflict with the UPCPA, the special capital provisions will control.

The more specific capital provisions contain a shorter statute of limitations and a strict waiver provision.  In particular, a convicted capital defendant must bring all known or reasonably known legal or factual challenges to his conviction or sentence within forty-two days of the filing of judgment.  Idaho Code § 19-2719(3).  A capital defendant who does not bring all known or reasonably known claims within forty-two days of judgment is deemed to have waived those claims, and Idaho courts have no power to consider such claims in later proceedings.

**Memorandum Decision and Order - 23**

Idaho Code § 19-2719(5).  A successive petition containing new claims will only be considered if the defendant makes a prima facie showing that he could not have reasonably known of the claims within the statute's time limitations, and, further, that he presented the claims within a reasonable time after they could have been discovered.  *See Paz v. State*, 852 P.2d 1355, 1357 (Idaho 1993) (noting that the statute places a "heightened burden" on the defendant to plead the limited exception for previously unknown claims).

    1.    <u>Independence</u>

Creech's argument that § 19-2719 is not independent of federal law is without merit.  In particular, Idaho Code § 19-2719(5) operates automatically to waive a claim if the state court determines that the capital defendant should have reasonably known of the claim within forty-two days of judgment.  There is no indication that the state courts review the underlying merits of a proffered federal claim before deciding whether it has been waived, or that a state court's application of the statute is otherwise based upon an antecedent determination of federal law.

    2.    <u>Adequacy</u>

Creech also challenges the adequacy of § 19-2719.  With a single exception, the Court finds that Respondent has carried his burden to prove that the procedural bar is adequate.

**Memorandum Decision and Order - 24**

Idaho Code § 19-2719 was enacted ten years before Creech's post-conviction proceedings commenced in 1995.  Creech had sufficient notice of its provisions, and the statute was clear, consistently applied, and well established at that time.  *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994) (defining adequacy of state procedural ground).  Particularly, the Idaho Supreme Court had strictly construed the timeliness and waiver provisions before Creech's post-conviction proceeding, and it has adhered to that construction since then.  *See, e.g., Fetterly v. State*, 825 P.2d 1073 (Idaho 1991); *Paz v. State*, 852 P.2d 1355, 1357 (Idaho 1993); *Pizzuto v. State*, 903 P.2d 58, 60-61 (Idaho 1995); *Porter v. State*, 80 P.3d 1021 (Idaho 2003); *see also Rhoades v. State*, 17 P.3d 243 (Idaho 2000) (successive claims not raised within a reasonable time of discovery); *cf. Sivak v. State*, 8 P.3d 636, 644 (Idaho 2000) (successive claim barred under § 19-2719(5)(b) as resting upon cumulative evidence).  The possible exceptions contained in *Dunlap v. State*, 961 P.2d 1179 (Idaho 1998), and *McKinney v. State*, 992 P.2d 150 (Idaho 1999), are minor deviations that will not render the rule inadequate.

### a.    Idaho Code § 19-2719 is Constitutional

Creech contends that the shortened time limitation and the waiver provision violate his rights to due process and equal protection.  The Court adheres to its

previous decision that the statute is constitutional.  *See, e.g., Fetterly v. Paskett*,

747 F. Supp. 594, 600-01 (D. Idaho 1990) *remanded on other grounds* by 997 F.2d

1295 (9th Cir. 1993).

    b.  <u>The Applicability of *Hoffman*</u>

   Creech next asserts that the Ninth Circuit's decision in *Hoffman v. Arave*,

236 F.3d 523 (9th Cir. 2001), saves all of his defaulted claims of ineffective

assistance of counsel.  While Creech's argument is too broad, the Court finds merit

in his argument with respect to ineffective assistance of counsel on appeal after the

reimposition of a death sentence in 1995.

   In *Hoffman*, the petitioner was represented by the same attorneys during his

trial, his initial state post-conviction matter, and during the consolidated appeal

from those proceedings.  *Id*. at 528, 532-33.  The Ninth Circuit held that because

counsel could not have been expected to argue their own ineffectiveness at the time

that they were required to do so, strict enforcement of Idaho Code § 19-2719

frustrated the petitioner's right to raise that particular constitutional claim in state

court.  *Id*. at 534-36.  Consequently, the petitioner was allowed to go forward with

his ineffectiveness claims in federal court.

   Unlike *Hoffman*, Creech was represented by different counsel during his first

post-conviction proceeding, and his ability to raise claims of ineffective assistance

of trial and sentencing counsel in state court was not impaired. Indeed, Creech's post-conviction counsel did raise several such claims, and included selected claims in the appeal to the Idaho Supreme Court. The Ninth Circuit has recently concluded that *Hoffman* does not extend to this type of situation. *Leavitt v Arave*, 383 F.3d 809, 839-40 (9th Cir. 2004).

On the other hand, the state court's conclusion that Creech waived a claim regarding his *appellate* counsel's representation does implicate the fairness concerns expressed in *Hoffman*.

The Idaho Supreme Court has recognized that allegations of ineffective assistance of appellate counsel cannot be raised within forty-days of the entry of judgment, and the court has concluded that such claims must be raised within a reasonable time after they are known or reasonably should have been known. *Paz v. State*, 852 P.2d 1355, 1357 (1993). In *Leavitt*, the Ninth Circuit observed that this "reasonable time" procedural bar will ordinarily be an adequate. 383 F.3d at 840.

Here, however, the Idaho Supreme Court specifically found that Creech had waived his claim by not including it in the post-conviction proceeding following the 1995 sentencing. *Creech VI*, 51 P.3d at 390-91. Obviously, it was impossible for Creech to raise such a claim at that time because counsel had not yet filed an

appellate brief.  The state court's decision in this regard may reflect an oversight based upon Creech's general reluctance to disentangle or winnow his numerous allegations against trial, sentencing, post-conviction, and appellate counsel.  But regardless whether there was a more appropriate procedural bar, the state court's decision that Creech waived a true claim of ineffective assistance of appellate counsel at a time that he could not have presented the claim frustrated his right to seek review.  *Hoffman*, 236 F.3d. at 534-36.  Therefore, Creech's allegation that Attorney August Cahill was ineffective during the direct appeal following the resentencing hearing will be addressed in this proceeding, subject to the following limitations.

First, the Court is not persuaded by Creech's attempt to conflate the appeal with the post-conviction proceeding.  It is well settled that a petitioner does not have the constitutional right to the effective assistance of counsel during state collateral proceedings.  *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Calderon*, 77 F.3d 1155, 1159 (9th Cir. 1996); *Leavitt v Arave*, 383 F.3d 809, 839 n.39 (9th Cir. 2004).  Additionally, a claim of ineffective assistance of post-conviction counsel cannot serve as a basis for relief in a federal habeas proceeding.  28 U.S.C. § 2254(i).  Thus, the allegations for which the procedural default is excused *do not* include counsel's purported ineffectiveness during the post-

conviction proceeding.  In reaching this conclusion, the Court is not convinced by Creech's argument that the procedural system in Idaho for litigating post-conviction issues before the direct appeal, and then consolidating the direct appeal with the appeal from the denial of post-conviction relief, creates a due process right to the effective assistance of counsel during the post-conviction proceeding.  *See Oxford v. Delo*, 59 F.3d 741, 748 (8th Cir. 1995) (rejecting an argument that a similar hybrid post-conviction and appellate proceeding is so bound up together as to guarantee a right to counsel during the post-conviction proceeding).

For similar reasons, Creech's allegations of ineffective assistance will only include issues that were or could have been raised as part of the appeal from the judgment of conviction and sentence and will not include allegations that counsel was ineffective in presenting, or failing to present, post-conviction issues to the Idaho Supreme Court.  As Creech had no constitutional right to the effective assistance of counsel during the post-conviction proceeding, he likewise did not have a constitutional right to the effective assistance of counsel with respect to raising those matters on appeal.  *See Lowe-Bey v. Groose,* 28 F.3d 816, 818 (8th Cir. 1994) (analyzing a hybrid system and finding that the petitioner would only have a constitutional right to counsel regarding direct appeal matters).

Accordingly, Creech's claims of ineffective assistance of counsel during the

direct appeal after the 1995 resentencing will not be dismissed as procedurally defaulted.  All other defaulted claims will be dismissed unless Creech can demonstrate cause and prejudice.

## CAUSE AND PREJUDICE

A petitioner has an opportunity to excuse a procedural default if he can establish valid cause for the default and actual prejudice as a result of the constitutional error.[7]  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show cause, the petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue.  *Id.* at 488.  To show prejudice, the petitioner bears the burden of demonstrating that the errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

### 1.    Conflict of Interest

Creech alleges that the office of the Ada County Public Defender was operating under a conflict of interest because that office represented other state prison inmates who were potential witnesses to the crime.  He appears to contend

---

[7]  Creech does not argue that a fundamental miscarriage of justice exists, and that exception will not be addressed.  *See Murray,* 477 U.S. at 495-96.

**Memorandum Decision and Order - 30**

that this alleged conflict excuses any default that may have occurred under § 19-2719 when counsel did not develop various claims in the post-conviction proceeding.  This argument is without merit.

Initially, this Court finds no evidence in the record that the public defender's representation was affected by an actual conflict of interest based upon any duty of loyalty that the office purportedly owed to another client that it represented in the early 1980s.  *See Mickens v. Taylor*, 535 U.S. 162, 165 (2002).  More specifically, there is no evidence that Cahill's representation was limited during the post-conviction proceeding by such a conflict, but even if it were, this argument would fail as a matter of law.  Because Creech had no constitutional right to counsel during that proceeding, any contention that counsel's conflict excuses his failure to develop another claim during at that time fails.  *Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996).

Moreover, neither Cahill nor the Ada County Public Defender intentionally interfered with Creech's right to pursue post-conviction remedies without authorization in order to suppress previous errors, as was the case in *Manning v. Foster*, 224 F.3d 1129, 1135 (9th Cir. 2000).  Cahill actively represented Creech during post-conviction matters, including during the evidentiary hearing at which several witness testified.

**Memorandum Decision and Order - 31**

2.      Ineffective Assistance of Counsel

Creech alternatively asserts that the cause of the default of his habeas claims

is ineffective assistance of counsel.  Attorney error that amounts to an independent

violation of a defendant's constitutional right to the assistance of counsel may

establish cause.  *Coleman v. Thompson*, 501 U.S. 735, 753 (1991).  But the

ineffective assistance claim upon which the petitioner relies to excuse the default

of another habeas claim must have, itself, been properly exhausted and free of

procedural default.  *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000).

In this case, the only claims of ineffective assistance of trial and sentencing

counsel that are free of procedural default are those limited allegations that have

been addressed with respect to Claim 4, and Creech has not explained how those

allegations excuse the default of another claim.  All other claims of ineffective

assistance of trial or sentencing counsel are themselves procedurally defaulted.  *See*

*Edwards*, 529 U.S. at 453.  Post-conviction counsel's alleged deficiencies will not

serve as cause.  *Coleman*, 501 U.S. at 753.

As discussed, however, the Court has concluded that the Idaho Supreme

Court's imposition of § 19-2719(5) to bar Creech's allegations of ineffective

assistance of appellate counsel is inadequate to prevent federal review.

Accordingly, Creech will also be given an opportunity to demonstrate that

**Memorandum Decision and Order - 32**

ineffective assistance of appellate counsel is the cause for the default of another claim.  The scope of the procedural claim will be limited in the same manner as the substantive claim.

In light of this decision, the Court finds that good cause supports Creech's renewed request to depose August Cahill with respect to his representation during the appeal.  *See* Rule 6 of the Rules Governing Section 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).  After the completion of this limited discovery, Creech may file a short supplemental brief demonstrating why cause and prejudice excuses any defaulted claims.  Respondent may submit an equally-short responsive brief.

Creech's renewed request to depose all other attorneys who represented him at any time in state court matters, and the investigator for the Ada County Public Defender's office, is denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion to Dismiss *Teague*-barred Claims (Docket No. 133) is GRANTED in part, and Claims 7, and 35-43 in the Second Amended Petition are DISMISSED with prejudice as *Teague*-barred.  The remainder of Respondent's Motion is DENIED

without prejudice.

IT IS FURTHER ORDERED that Respondent's Motion to Dismiss Procedurally Defaulted Claims (Docket No. 134) is conditionally GRANTED in part and DENIED in part.  The following claims are procedurally defaulted and will be dismissed with prejudice unless Petitioner can establish cause and prejudice to excuse a default:  4 (in part), 8, portions of 10 and 11, 13, 16, 17, 19, 22 (to the extent it relies on the Eighth Amendment), 29-32, 44, and 45.  Claim 44 is DISMISSED as failing to state a cognizable habeas claim.  The following claims will not be dismissed as procedurally defaulted:  1-3, 4 (as noted herein), 5, 6, 9, 10 (as limited), 11 (same), 12, 14, 15 (sentencing court's error), 18 (same), 20, 21, 22 (Sixth and Fourteenth Amendment basis), 23-28, 33, and 34.

IT IS FURTHER ORDERED that Petitioner's Second Motion for Discovery (Docket No. 160) is GRANTED in part and DENIED in part.  Petitioner may depose his state court appellate counsel, August Cahill.  This discovery must be completed within thirty (30) days of the date of this Order.

IT IS FURTHER ORDERED that within sixty (60) days of the date of this Order, Petitioner shall file a supplemental brief, which he may support with relevant material developed during discovery, demonstrating why cause and prejudice excuses the default of another habeas claim.  Within thirty (30) days of

**Memorandum Decision and Order - 34**

receiving Petitioner's supplement brief, Respondent may file a supplemental

response.  Both the supplemental brief and supplemental response will be limited

to 20 pages.  No reply brief shall be filed.

DATED:  **March 29, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court