IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| THOMAS EUGENE CREECH, | ) | |
| | ) | Case No. CV 99-0224-S-BLW |
| Petitioner, | ) | |
| | ) | **CAPITAL CASE** |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| JOHN HARDISON, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court previously determined that several claims in this capital habeas matter have been procedurally defaulted, and the Court thereafter provided Petitioner with an additional opportunity to show cause and prejudice to excuse the default of those claims. (Docket No. 173, p. 34.) The Court also granted Petitioner's request to depose his state court appellate counsel. This period of limited discovery has concluded, Petitioner has lodged a transcript of the deposition (Docket No. 176), and the parties have filed supplemental briefing on cause and prejudice.

Petitioner argues that his appointed attorney's allegedly deficient representation during the appellate proceeding following the 1995 resentencing

**Memorandum Decision and Order - 1**

hearing is the cause for the default of any claims. (Docket No. 175.) For the reasons set forth more fully herein, the Court concludes that Petitioner has not shown cause and prejudice, and the defaulted claims will now be dismissed.

## STANDARD OF LAW

A habeas claim that rests upon an independent and adequate state law ground can only be reviewed on the merits if the petitioner has established valid cause for the default and shown actual prejudice as a result of the constitutional error.[1] *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "cause," the petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Id.* at 488. To show "prejudice," the petitioner bears the burden of demonstrating that the errors "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

A criminal defendant generally bears the risk of attorney error, and "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a

---

[1] Petitioner does not argue that a fundamental miscarriage of justice exists, and that exception will not be addressed. *See Murray,* 477 U.S. at 495-96.

**Memorandum Decision and Order - 2**

procedural default." *Murray*, 477 U.S. at 486.  Rather, only a violation of the

defendant's constitutional right to the effective assistance of counsel will be

attributable to the state.  *Id*. at 488-89.  In other words, counsel's failure to preserve

another constitutional claim in state court will amount to a valid cause for the

default of that claim in a habeas proceeding only when counsel's error is, itself, an

independent constitutional violation.  *Edwards v. Carpenter*, 529 U.S. 446, 451

(2000).

To prove such a violation, the petitioner must show that his counsel's

performance was both unreasonably deficient and that the defense was actually

prejudiced.  *Strickland v. Washington*, 466 U.S. 668, 684 (1984).  There is a strong

presumption that an attorney performed within the wide range of professional

competence, and the attorney's performance will be deemed to have been deficient

only if it fell below an objective standard of reasonableness measured under

prevailing professional norms.  *Id*. at 689, 694.  To prove prejudice, the petitioner

must demonstrate that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.  *Id*.

The *Strickland* standard applies equally to claims of ineffective assistance of

counsel on direct appeal.  *Smith v. Robbins*, 528 U.S. 259, 286 (2000).  Appellate

counsel has not unreasonably represented a criminal appellant simply because he

**Memorandum Decision and Order - 3**

or she failed to raise every non-frivolous issue requested by the appellant.  *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).  Indeed, the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 535 (1986) (quoting *Barnes*, 463 U.S. at 751-752).  Generally, to show unreasonable representation, an omitted issue must have been "significant and obvious" on the record and clearly stronger than the issues that were raised.  *See, e.g., Gray v.  Greer*, 800 F.2d 644, 646 (7th Cir. 1985); *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).  To show prejudice, the petitioner must demonstrate that had counsel presented the issue on appeal, there is a reasonable probability that the appellate court would have reversed.  *Robbins*, 528 U.S. at 288.

## DISCUSSION

Applying these standards to the present case, Petitioner Creech must establish that his appointed attorney, August Cahill, failed to provide constitutionally adequate assistance by forfeiting or waiving a habeas claim during the appellate proceeding after the 1995 resentencing.  In other words, Creech  must demonstrate that one of the defaulted claims was significant, obvious, and ripe for appellate review, and that but for counsel's failure to raise the issue, there is a

**Memorandum Decision and Order - 4**

reasonable probability that the Idaho Supreme Court would have reversed.  Creech

must additionally prove that the defaulted constitutional error infected the entire

proceeding.  *Frady*, 456 U.S. at 170.  The Court concludes that he has not carried

his burden.

A.     Prejudice Will Not be Presumed

As an initial matter, the Court will dispose of Creech's argument that he was

constructively denied the assistance of counsel on appeal, absolving him of the

requirement to show actual prejudice under *Strickland*.  (Docket No. 175, p. 8.)

While it is true that the Supreme Court has held that prejudice may be presumed

when a defendant's attorney fails to subject the prosecution's case to meaningful

adversarial testing, *United States v. Cronic*, 466 U.S. 648, 659-62 (1984), this is

not such a case.

First, as a foundational issue, Creech understates Cahill's general criminal

law experience.  Cahill had been a staff attorney with the Ada County Public

Defender's Office for fifteen years before he was assigned this case. (Deposition of

August Cahill ("Depo."), pp. 6-7.)  During that time, he carried a felony caseload

of from 150 to 220 cases a year, and he had represented several defendants accused

of first-degree murder.  (Depo., pp. 28, 51.)  He also kept abreast of trends in

criminal law by reading the Criminal Law Reporter, and he claimed to have read

all of the opinions from the Idaho Supreme Court in capital cases. (Depo., pp. 35-36, 97-99.) Though Cahill's experience in appellate litigation was less substantial, he had represented at least twenty-five to thirty defendants on appeal. (Depo., pp. 26-27.) Given this background, the Court is not convinced by Creech's argument that Cahill's lack of specific experience in capital appellate litigation rendered him incompetent.

Nor does the Court find that counsel otherwise so completely failed to subject the State's case to adversarial testing that Creech was functionally deprived of the assistance of counsel altogether. *See Bell v. Cone*, 535 U.S. 685, 697 (2002) (for prejudice to be presumed under *Cronic*, "the attorney's failure must be complete"). To the contrary, Cahill spent a significant period of time reading the record, reviewing various appellate court opinions, compiling files and research related to the death penalty, and ultimately drafting the appellate brief. (Depo., pp. 97-99, 108-111, 196.) The resulting 103-page brief included over fifteen direct appeal and post-conviction issues, including subparts. (State's Lodging J-42.) He also filed a reply brief, orally argued the case, and filed a petition for rehearing. (State's Lodgings J-44, J-45.) To be sure, the length of a brief and the number of appellate issues are not always the hallmarks of quality; yet this is clearly not a case in which appointed counsel did not file a brief, waived every issue in a brief

**Memorandum Decision and Order - 6**

that was filed, or failed to press even minimal arguments for reversal.  Creech's reliance on cases of that type is misplaced.  *See Jenkins v. Coomb*, 821 F.2d 158, 159-60 (2d Cir. 1989) (counsel filed a one-point, three-paragraph brief); *see also Robinson v. Wyrick*, 635 F.2d 757, 758 (8th Cir. 1981) (counsel's total failure to comply with state appellate rules resulted in a forfeiture of all issues on appeal).

In short, whatever individual errors Cahill may have made, he did not so completely fail to be an advocate that Creech was constructively denied the assistance of counsel.

B.    Cause and Prejudice

Creech alternatively contends that Cahill's assistance fell below the standards set out in *Strickland*, excusing the default of his claims.  His argument in this respect, however, suffers from a lack of specificity.  Rather than explain precisely how counsel's handling of *specific* issues or claims on appeal was unreasonably deficient and prejudicial, Creech has chosen to expend considerable briefing space challenging counsel's general background, experience, and preparation.  Apparently recognizing this problem, he asks the Court to defer final resolution of the matter until after "an evidentiary hearing on issues of cause and prejudice" and "briefing on the merits of the claims."  (Docket No. 175, pp. 16-17.)

**Memorandum Decision and Order - 7**

The Court will decline this invitation.  With respect to Creech's suggestion that an evidentiary hearing should be held, he has not indicated what disputed issues of material fact exist, let alone shown that if such facts were resolved in his favor he would be able to establish ineffective assistance of counsel and, in turn, establish the cause and prejudice necessary to save his defaulted claims.  *Cf. Jaramillo v. Stewart*, 340 F.3d 877, 883-84 (9th Cir. 2003) (finding that an evidentiary hearing was warranted on a procedural claim of actual innocence because the petitioner had alleged specific facts that, if credible, would show his innocence).  Perhaps more to the point, the Court has allowed Creech to depose his appellate counsel and to file a supplemental brief precisely so that he could show that the default of any claims should be excused at this time.  If he believed, for instance, that the prejudice analysis requires some exposition on the merits of the underlying defaulted claims, then he should have made those arguments.

Therefore, the Court will turn to the allegations of ineffective assistance of appellate counsel raised in Claim 4, ¶ 101 of the Second Amended Petition.  After reviewing those allegations, and taking into account Cahill's deposition testimony and Creech's general arguments in his supplemental briefing, the Court concludes that none of the defaulted claims are saved by ineffective assistance of counsel on

**Memorandum Decision and Order - 8**

appeal.[2]

### 1.    Claim 4, ¶ 101 (a)-(c)

In the first three subclaims, Creech contends that Cahill was ineffective during the post-conviction proceeding.  This Court has previously determined that counsel's ineffectiveness in the post-conviction matter will not excuse any default, and it reaffirms that decision now.  *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991).

### 2.    ¶ 101 (d)

Creech next contends that Cahill represented him "knowing that the Ada County Public Defender's Officer suffered from an actual conflict of interest." (Docket No. 131, p. 29.)  Creech bases the purported conflict on the following: (1) the Ada County Public Defender's alleged representation of other inmates in the early 1980s who were potential witnesses in this case; (2) the Public Defender's role as "fiscal manager" for sentencing counsel, Rolf Kehne; (3) Kehne's former role as a deputy public defender; and (4) Cahill's "actions as counsel of record in the 1982 action." *Id*.

To establish a constitutional violation, Creech is required to prove that

---

[2]  Some of Creech's specific allegations in his Second Amended Petition relate to counsel's handling of other habeas claims that the Court has already found not to be defaulted. As noted herein, there is no need to determine whether ineffective assistance provides cause and prejudice as to those claims.

**Memorandum Decision and Order - 9**

Cahill acted under a conflict of interest that adversely affected his performance.

*Mickens v. Taylor*, 535 U.S. 162, 173-74 (2002).  A mere theoretical or potential

conflict is not sufficient; rather, he must demonstrate Cahill actively represented

conflicting interests.  *Id.* at 171.  Ordinarily, this will require a showing that

counsel was influenced in his most basic strategic decisions by divided loyalties.

*See United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003) (citing *United*

*States v. Shwayder*, 312 F.3d 1109, 1118 (9th Cir. 2002).

        Creech has failed to make such a showing here.  During his recent

deposition, Cahill testified that he had no specific recollection that the Public

Defender's Office represented inmate witnesses in the early 1980s, and he did not

consider any inmates to be potential witnesses in the post-conviction proceeding in

the mid-1990s.  (Depo., pp. 64-69, 166-170.)  He also could not recall personally

representing any inmate witnesses or appearing on Creech's behalf in the 1980s.

(Depo., pp. 63-64, 66.)  He further testified that he had no role in deciding how

Kehne was compensated by the Public Defender's office during the resentencing

proceeding.  (Depo., pp. 169-170.)

        The Court finds that Creech has failed to provide any evidence tending to

establish that Cahill or the Public Defender's Office had an actual conflict of

interest after he was assigned the case in 1995.  Specifically, Creech has not

**Memorandum Decision and Order - 10**

demonstrated that Cahill divided his loyalties or was influenced in his most basic strategic decisions by a conflicting interest or obligation to another client, previous counsel, or even himself.  This subclaim will not excuse the default of any habeas claims.

3.   ¶ 101(e)

Creech next alleges that Cahill was constitutionally ineffective on appeal when he failed to cite the record or to provide authority and argument in support of certain claims of ineffective assistance of trial counsel, resulting in a waiver of those claims.[3]

The Court previously determined that the scope of Creech's claims of ineffective assistance of appellate counsel would be limited to counsel's handling of issues that could have been raised as part of the *direct* appeal from the judgment reimposing the death sentence.  (Docket No. 173, pp. 28-29.)  Under Idaho law, allegations of ineffective assistance of trial counsel must generally be developed in a post-conviction proceeding, unless trial counsel's errors are obvious on the record.  *See, e.g., State v. Mitchell*, 859 P.2d 972, 973-74 (Idaho 1993).  Here, the defaulted issues pertain to factual matters outside of the trial and sentencing record.

---

[3] The claims include the following: trial counsel was ineffective because he did not challenge the admission of prior convictions; counsel failed to adequately protect Creech's rights regarding communications with mental health professionals; and counsel's vague deficiencies in preparing Creech's motion to withdraw the guilty plea.  (State's Lodging J-42, pp. 86-87, 89-94.)

**Memorandum Decision and Order - 11**

For that reason, Cahill was acting in his capacity as post-conviction counsel with respect to the development and presentation of these claims, and any errors that he committed in that role will not serve as cause.  *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Leavitt v Arave*, 383 F.3d 809, 839 n.39 (9th Cir. 2004); *Lowe-Bey v. Groose,* 28 F.3d 816, 818 (8th Cir. 1994).

Moreover, even assuming that counsel's failure to comply with pertinent appellate rules fell below an objective standard of professionally reasonable representation, Creech has not attempted to demonstrate prejudice.  Without a showing of prejudice, he can neither prevail on a claim of ineffective assistance of appellate counsel, nor can he establish that the default of the underlying claims should be excused.

      4.      ¶ 101(f)-(g)

These claims attacking counsel's performance during the post-conviction proceeding will neither support habeas relief nor supply cause to excuse another defaulted claim.  28 U.S.C. § 2254(i).

      5.      ¶ 101(h)

Here, Creech contends that Cahill failed to "raise a substantial number of constitutional issues surrounding the procedures and application of the Idaho death penalty statutory scheme, including failing to object to the ex post facto application

of substantive statutory amendments to the capital sentencing scheme." (Docket No. 131, pp. 29-30.) With the exception of the "ex post facto" reference, Creech does not favor the Court with the nature of the "substantial number of constitutional issues," and the Court will not speculate as to what that generalization might include.

Additionally, to the extent that the ex post facto issue may involve counsel's failure to raise in state court what is now Claim 18 in the Second Amended Petition, this Court has already determined that Claim 18, as it pertains to the sentencing court, will not be dismissed on a state procedural bar under *Beam v. Paskett*, 3 F.3d 1301, 1306 (9th Cir 1993). (Docket No. 173, p. 34.) It is unnecessary, therefore, to find cause and prejudice.

6.      ¶ 101(i)

Creech asserts that counsel was ineffective in not challenging the statutory weighing procedure used by the sentencing judge in 1995. The underlying issue appears to be recast in Claims 15 and 34, which the Court has ruled were not defaulted, at least to the extent that they focus on the sentencing court's actions. Consequently, there is no need to review, at this time, counsel's handling of the issue in state court.

7.      ¶ 101(j)

**Memorandum Decision and Order - 13**

Creech next contends that counsel was ineffective in failing to challenge the "sentencing scheme as impermissibly shifting the burden of proving mitigation evidence by an unknown quantum of evidence to [Creech] to preclude the death penalty." (Docket No. 131, p. 30.) This allegation is linked to defaulted Claim 19, in which Creech raises the burden-shifting argument as an independent claim.

Approximately five years before the resentencing proceeding, the United States Supreme Court rejected a similar argument, concluding that, "[s]o long as a State's method of allocating the burdens of proof does not lessen the State's burden to prove every element of the offense charged, or in this case to prove the existence of aggravating circumstances, a defendant's constitutional rights are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency." *Walton v. Arizona*, 497 U.S. 639, 650 (1990) (overruled on other grounds by *Ring v. Arizona*, 536 U.S. 584, 589 (2002).[4]

Thus, an argument that the Idaho sentencing statute unconstitutionally shifted the burden to the defendant to prove mitigating evidence would not have been a strong, obvious, or potentially winning appellate issue, and counsel cannot be faulted for omitting it. The default of Claim 19 is not excused.

8.      ¶ 101(k)

---

[4] The Supreme Court recently reaffirmed this aspect of *Walton* in *Kansas v. Marsh*, 126 S.Ct. 2516, 2522 (2006).

**Memorandum Decision and Order - 14**

The Court previously determined that the underlying issue, raised as Claim 1, is not defaulted.

9.      ¶ 101(l)

Creech contends that his counsel was ineffective in failing to argue "Eighth Amendment violations in sentencing procedures based upon fact finding by a judge, an unconstitutionally vague and ambiguous scheme and [sic] permits arbitrary imposition of the death penalty, and insufficient guidance on the application of the sentencing scheme by the Idaho Supreme Court." (Docket No.131, p. 30.) This subclaim is too vague for the Court to address.

10.     ¶ 101(m)

Creech next contends that his counsel was constitutionally ineffective in failing to "raise challenges to the financial allocation of funds in death penalty cases." (Docket No. 131, p. 30.) The financial resources issue is presented in Claim 22, and the Court previously determined it was properly exhausted to the extent that it relies on the Sixth Amendment and Fourteenth Amendments. In the absence of a default, counsel's handling of the issue is irrelevant for present purposes.

11.     ¶ 101(n)

Creech asserts that Cahill was ineffective in failing to "raise claims of

**Memorandum Decision and Order - 15**

violation of the Fifth, Sixth, and Fourteenth Amendments regarding deprivation of jury sentencing."  (Docket No. 131, p. 30.)  If Creech is referring to a Sixth Amendment right to have a jury rather than a judge decide the aggravating circumstances beyond a reasonable doubt, a right eventually recognized by the Supreme Court in *Ring v. Arizona*, 536 U.S. 584 (2002), counsel actually raised this issue, but the Idaho Supreme Court declined to reconsider the matter based on law that was well-settled at the time.  *Creech v. State*, 966 P.2d 1, 15-16 (Idaho 1998); *see also Walton v. Arizona*, 497 U.S. 639 (1990) (holding that there is no constitutional right to such jury findings in a capital case).  Creech has not explained how counsel's presentation of this issue was deficient or prejudicial.

Morever, regardless of the default status of the underlying claim, this Court has already determined that relief is unavailable on *Ring*-based claims based on the retroactivity principles derived from *Teague v. Lane*, 489 U.S. 288 (1989). (Docket No. 173, pp. 33-34.)

### 12.    ¶ 101(o)-(p)

The underlying issues contained within these subclaims are contained in Claims 14, 25, and 26, which the Court has determined are not defaulted.

### 13.    ¶ 101(q)

Creech contends that his counsel was ineffective in not raising an appellate

issue related to the sentencing court's use of "duplicative" aggravating factors of "propensity to commit murder" and "previous convictions for murder."  The Court is unaware of any substantive claim in the Second Amended Petition that includes this issue, and there is no need to review, at this time, counsel's failure to raise the matter in state court.

14.    ¶ 101(r)

Creech alleges that his counsel was ineffective in failing to challenge the Idaho death penalty scheme as "wholly depriving [Creech] of the right to appeal and the right to meaningful review."  (Docket No. 131, p. 31.)  This allegation is so vague as to preclude a meaningful evaluation by the Court.

15.    ¶ 101(s)

Creech contends that his counsel failed to challenge the sentencing court's reliance on a previously commuted death sentence.  The independent claim appears to be raised as Claim 6, which is not defaulted.

16.    ¶ 101(t)

Creech next asserts that counsel was constitutionally deficient in failing to challenge the "death penalty scheme as applied for failure to channel the sentencer's discretion."  (Docket No. 131, p. 31.)  Presumably, Creech intends for this claim to be linked to defaulted Claim 16, but he has not argued with any

**Memorandum Decision and Order - 17**

precision why the sentencer's discretion was not adequately channeled.  The Court concludes that Creech has not carried his burden to show cause and prejudice for the default.

 17. ¶ 101(u)

  Creech asserts that counsel was ineffective on appeal in failing to challenge the sentencing court's "ex post facto application of the statutory sentencing scheme," including the allegedly "unconstitutionally vague weighing requirement" and "the failure to conduct a proportionality review which was in effect at the time of the offense."  (Docket No. 131, p. 31.)

  To the extent that this claim may relate to the *sentencing* court's application of statutory provisions (a portion of Claim 18), that issue is a *Beam*-type claim and is not barred in this proceeding.  Conversely, claims related to the Idaho Supreme Court's application of the statute are defaulted (Claim 17 and Claim 18, in part). Creech's argument concerning the state supreme court's "ex post facto" application of statutory provisions is conclusory, and the Court concludes that he has not shown cause and prejudice to excuse the default of those claims.

 18. ¶ 101(v)

  Creech next alleges that his appellate counsel was ineffective in failing to argue that he was deprived of a fair and impartial judge.  The substantive issue is

**Memorandum Decision and Order - 18**

re-asserted as Claim 27, which the Court determined would be heard as a *Beam* claim.

     19.    ¶ 101(w)

The Court previously determined that the underlying issue (Claim 28) will not be dismissed as procedurally defaulted.

     20.    ¶ 101(x)

Creech contends that Cahill's failure to present the "cumulative effect" of various infirmities in Idaho's statutory provisions.  (Docket No. 131, pp. 31-32.) This allegation may be linked to defaulted Claim 29, but Creech has provided no specific argument in that respect, and the Court concludes that he has failed to show ineffective assistance or cause and prejudice.

     21.    ¶ 101(y)

In this subclaim, Creech contends that counsel failed to raise various claims contesting the voluntariness of his guilty plea.  The involuntary guilty plea issues are reasserted in Claims 8 through 13, and the Court has ruled that parts of these claims are not defaulted.  But Creech has not explained how counsel's supposed failure to develop the other aspects of these claims was constitutionally deficient, and the Court concludes that he has failed to carry his burden to show cause and prejudice to excuse the default of those matters.

**Memorandum Decision and Order - 19**

22.     ¶ 101(z)

Creech alleges that his counsel was deficient in not challenging the Idaho

Supreme Court's failure to review his sentence for excessiveness.  This allegation

appears to relate to Claim 17, which is defaulted.

Before Creech's appeal in state court, the Idaho Supreme Court had

determined that a statutory amendment to Idaho Code § 19-2827(c) rendered the

word "excessive" essentially meaningless, and that it would instead conduct a

mandatory review of the sentence based upon the other two factors in the statute.

*State v. Fields*, 908 P.2d 1211, 1225 (Idaho 1995).  Accordingly, this issue would

not have prevailed on appeal, and Creech cannot show either ineffective assistance

of appellate counsel or cause and prejudice.

23.     ¶ 101(aa)

Creech contends that his counsel was ineffective in failing to challenge, on

Fifth and Sixth Amendment grounds, his statements to the PSI investigator.  The

Court is unaware of an independent claim in the Second Amended Petition that

includes the Fifth and Sixth Amendment issue, and it is not necessary to review,

for current purposes, counsel's performance in handling the issue in state court.

24.     ¶ 101(bb)

Creech next asserts that counsel "failed to develop, raise and argue the

**Memorandum Decision and Order - 20**

denial of [Creech's] right at sentencing to a presumption of life."  It is unclear which independent claim Creech intends for this allegation to relate, but if it is meant to be linked to Claim 21, that claim has been properly exhausted. Otherwise, this allegation is vague and will not establish cause and prejudice.

25.    ¶ 101(cc)

The Court has already ruled that the claim to which this allegation refers (Claim 2) is not defaulted.

26.    ¶ 101(dd)

Creech's final subclaim of ineffective assistance of appellate counsel is that counsel failed to "discover information surrounding critical state's witnesses," including four inmates, and to "put it to full defensive use."  (Docket No. 131, p.32.)  He has not provided the information that counsel allegedly failed to uncover, nor has he indicated which defaulted claim is excused by counsel's supposed failure.

## CONCLUSION

Based on the foregoing, the Court concludes that Creech has failed to show the ineffective assistance of appellate counsel necessary to serve as cause to excuse any of the habeas claims that the Court previously found to be procedurally defaulted.  Those claims will now be dismissed with prejudice.

**Memorandum Decision and Order - 21**

The parties shall adhere to the following scheduling order for the filing of additional pleadings and briefing in this case.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the following claims in the Second Amended Petition for Writ of Habeas Corpus are DISMISSED with prejudice as procedurally defaulted:  4 (in part), 8, portions of 10 and 11, 13, 16, 17, 19, 22 (to the extent it relies on the Eighth Amendment), 29-32, 44 and 45.

IT IS FURTHER ORDERED that no later than 45 days following the entry of this Order, Respondent shall file an answer to the Second Amended Petition.

IT IS FURTHER ORDERED that no later than 45 days after receiving Respondent's answer, Petitioner shall submit a brief containing points and authorities on the merits of all non-dismissed habeas claims.  In addition to providing argument on the merits, Petitioner shall fully address any remaining procedural defenses raised by Respondent in his answer, including *Teague* issues. Because of this briefing, a separate traverse will not be necessary.

IT IS FURTHER ORDERED that within 45 days of receiving Respondent's answer, Petitioner shall also file any motions for additional evidentiary development, which may include requests for discovery, expansion of the record, or an evidentiary hearing.  If Petitioner chooses to file such a motion, he shall

**Memorandum Decision and Order - 22**

identify with specificity: (1) each claim for which additional evidentiary development is requested; (2) the facts or evidence sought to be discovered, expanded, or presented at an evidentiary hearing; (3) why such evidence was not developed in state court; and (4) why the failure to develop the claim in state court was not the result of lack of diligence, in accordance with the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 420 (2000).

IT IS FURTHER ORDERED that no later than 30 days after receiving Petitioner's brief on the merits, Respondent shall file a responsive brief.  If Petitioner also files a motion for evidentiary development, Respondent shall likewise submit a response within 30 days of receiving the motion.  Petitioner may file a reply, if necessary, within 20 days after receiving a response.

DATED:  **October 16, 2006**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 23**