IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS EUGENE CREECH, ) | |
| ) | Case No. CV-99-0224-S-BLW |
| Petitioner, ) | |
| ) | **CAPITAL CASE** |
| v. ) | |
| ) | **MEMORANDUM DECISION** |
| JOHN HARDISON, Warden, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

## INTRODUCTION

The Court previously dismissed several claims in this capital habeas matter as either procedurally defaulted or barred by *Teague v. Lane*, 489 U.S. 288 (1989). (Docket Nos. 173, 181.) Currently before the Court are Petitioner's motions for discovery, an evidentiary hearing, and to take judicial notice. (Docket Nos. 211, 213, 214.) In the interests of avoiding further delay, the Court shall resolve these matters on the pleadings, briefs, and record without oral argument. D. Idaho L. Civ. R. 9.2(h)(5). For the reasons that follow, Petitioner's motions shall be denied.

## PROCEDURAL BACKGROUND

In 1981, the State of Idaho charged Thomas Creech with first-degree murder for the beating death of fellow prison inmate David Jensen. Creech pled guilty to the charge and was sentenced to death. After a remand for resentencing in open

**Memorandum Decision and Order - 1**

court, the Idaho Supreme Court affirmed the conviction and sentence. *State v. Creech*, 670 P.2d 463 (Idaho 1983) (*Creech I*). Creech's subsequent request to withdraw his guilty plea was unsuccessful. *State v. Creech*, 710 P.2d 502 (Idaho 1985) (*Creech II*).

In January 1986, Creech filed his first federal habeas petition, which was denied by United States District Judge Harold L. Ryan. (Case No. 86-1042.) On appeal, the Ninth Circuit affirmed in part and reversed in part, concluding that three constitutional errors occurred during the sentencing process. *Creech v. Arave*, 947 F.2d 873, 881-85 (9th Cir. 1991) (*Creech III*). The United States Supreme Court granted certiorari on a single issue and reversed. *Arave v. Creech*, 507 U.S. 463 (1993) (*Creech IV*). Because the Court did not review the Ninth Circuit's finding of other errors, the case returned to state district court for a new sentencing hearing. *Id*. at 478-79.

On April 17, 1995, Creech was resentenced to death. His appointed counsel, who had represented him since the inception of the case, filed an application for post-conviction relief and requested permission to withdraw. The district court appointed new counsel, who amended the application and included allegations of ineffective assistance of trial and sentencing counsel. After an evidentiary hearing, the district court denied relief, and the Idaho Supreme Court affirmed on appeal.

**Memorandum Decision and Order - 2**

*State v. Creech*, 966 P.2d 1 (Idaho 1998) (*Creech V*).

In 1999, Creech initiated the current federal habeas action, but the matter was stayed so that he could attempt to exhaust additional claims in state court. The Idaho Supreme Court later dismissed the successive post-conviction action on procedural grounds. *Creech v. State*, 51 P.3d 387 (Idaho 2002) (*Creech VI*). The federal case was stayed a second time while Creech pursued yet another application for post-conviction relief based upon *Ring v. Arizona*, 536 U.S. 584 (2002), which was also dismissed.

After the second stay was lifted and Creech filed a Second Amended Petition, this Court dismissed Claims 4 (in part), 7, portions of 10 and 11, 13, 16, 17, 19, 22 (in part), and 35-43. (Docket No. 173, p. 33; Docket No. 181, p. 22.) Creech has now filed motions for discovery and an evidentiary hearing to develop the facts on selected remaining claims. He has also submitted a motion asking the Court to take judicial notice of pleadings and files in two closed federal court cases. These matters are fully briefed, and the Court is ready to issue its decision.

## LEGAL FRAMEWORK

1. <u>The AEDPA Applies to this Case</u>

As an initial matter, Creech argues that the provisions of the 1996 Antiterrorism and Effective Death Penalty Act (AEDPA) do not apply because this

**Memorandum Decision and Order - 3**

case is allegedly a continuation of the 1986 habeas proceeding that resulted in the new sentencing hearing. (Docket No. 211-2, p. 3.) The Court is not persuaded by this argument.

The Supreme Court has held that AEDPA's amendments will not apply to any habeas case that was "pending" in federal court as of the date of its enactment on April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). A habeas case is "pending" when "an application for relief seeking an adjudication on the *merits* of petitioner's claims" has been filed. *Woodford v. Garceau*, 538 U.S. 202, 210 (2003) (emphasis in original).

Creech did not have an application seeking habeas relief on the merits active and pending in federal court on the date of AEDPA's enactment. At that time, he was pursuing post-conviction relief through the state courts after having been resentenced to death. All of his claims in Case No. 86-1042 had long since been resolved, and the federal case was closed. As a result, AEDPA's provisions will apply to the new petition, filed on January 20, 2000.

  2. <u>Standards for Evidentiary Development</u>

Under pre-AEDPA law, a district court was given wide discretion in deciding whether to permit new evidentiary development in a habeas case, a decision that was informed and guided by the Rules Governing Section 2254

**Memorandum Decision and Order - 4**

Cases.  Rule 6(a) provides that "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  Rule 7 permits expansion of the existing record with new documentary evidence "relating to the petition."  Under Rule 8, the court shall "review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."

In enacting AEDPA, however, Congress erected additional barriers limiting a petitioner's right to new factual development in federal court, and the habeas rules must now be construed in harmony with these new provisions.  *Williams v. Taylor*, 529 U.S. 420, 436 (2000).  Specifically, if the petitioner "failed to develop the factual basis for a claim" in state court, the federal court "shall not hold an evidentiary hearing on the claim" unless the petitioner can show that one of two narrow statutory exceptions is applicable. 28 U.S.C. § 2254(e)(2).  A request to expand the record with new documentary evidence that is intended to serve the same purpose as an evidentiary hearing is subject this same rule.  *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005);  *Holland v. Jackson*, 542 U.S. 649, 652 (2004).  Although the Ninth Circuit has not yet addressed directly whether requests for discovery fall within the ambit of § 2254(e)(2), the reasoning

**Memorandum Decision and Order - 5**

in *Cooper-Smith* and *Holland* would logically extend to such requests if they are designed to develop evidence on the merits of a claim, rather than for some other preliminary purpose. *See, e.g., Isaacs v. Head*, 300 F.3d 1232, 1248 (11th Cir. 2002) (recognizing the same post-AEDPA limitations on discovery and an evidentiary hearing).

To determine whether § 2254(e)(2) applies, the district court must first decide whether the petitioner or his counsel "failed to develop" the factual basis of the claim, which turns on whether the petitioner or his counsel exhibited a lack of diligence or some greater fault in state court. *Williams*, 529 U.S. at 431. Diligence "depends upon whether the [petitioner] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims," and under normal circumstances, a diligent petitioner will have asked for an evidentiary hearing in state court. *Id*. at 435, 437.

If the petitioner exercised reasonable diligence but was unable to develop the factual record, he will be freed from the restrictions in § 2254(e)(2), and the decision whether to grant discovery, expand the record, or convene an evidentiary hearing will revert to the district court's discretion. *Schriro v. Landrigan*, 127 S.Ct. 1933, 1937, 1940 (2007). In that scenario, discovery should be granted when the "specific allegations before the court show reason to believe that the petitioner

**Memorandum Decision and Order - 6**

may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286 (1969)). Similarly, the court would have the discretion to hold an evidentiary hearing, but it must do so when (1) the petitioner did not receive a full and fair hearing in state court and (2) the petitioner has alleged specific facts that, if proven to be true, would entitle him to habeas relief. *Landrigan*, 127 S.Ct. at 1940; *Karis v. Calderon*, 283 F.3d 1117, 1126-27 (9th Cir. 2002).

In making its assessment, the court shall take into account whether the petitioner would prevail under AEDPA's deferential standard of review on the merits under 28 U.S.C. § 2254(d). *Landrigan*, 127 S.Ct. at 1940. Under all circumstances, a hearing will not be necessary when the record "refutes the [petitioner's] factual allegations or otherwise precludes habeas relief." *Id*. at 1940 (citing *Totten v. Merkle*, 137 F.3d 1172, 1176 (1998)); *see also Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir. 1992).

## DISCUSSION

1. <u>Motion to Take Judicial Notice</u>

In addition to his motions for discovery and an evidentiary hearing, Creech has also requested that the Court take judicial notice of the pleadings, records, and files in two federal cases, *Newton v. Gardner*, Case No. 82-1105 and *Balla v. State*

**Memorandum Decision and Order - 7**

*of Idaho,* Case No. 81-1165.  (Docket No. 213.)  He contends these case files contain information that is relevant to "the factual circumstances leading to the death of David Jensen, the entry of a plea of guilty . . . and the Petitioner's mental health and other sentencing mitigation which are the subject of Petitioner's allegations."  (Docket No. 213-2, p. 2.)

    Ordinarily, a court's decision to take judicial notice of its own files and records would not be controversial, but Creech apparently intends to rely on selected pleadings and other material in those cases to prove his factual allegations here.  Consequently, the Court construes this request as a motion to expand the record to include additional material related to the merits of the remaining claims.  A motion for expansion of the record is subject to the same restrictions as a motion for an evidentiary hearing when the petitioner intends to seek relief based on the new material.  *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005)

    These court files date to the early 1980s and existed at the time of Creech's last sentencing hearing and subsequent post-conviction proceeding in the mid-1990s.  To the extent that he believes that the files contain evidence that could have been used in mitigation of punishment or evidence tending to show ineffective assistance of counsel, he has provided no persuasive argument why the material information would not been available to his attorneys at the relevant time had they

**Memorandum Decision and Order - 8**

conducted a reasonably thorough investigation. Indeed, trial counsel stated on the record that he was aware that Jensen family had filed a lawsuit, or had threatened to do so, and that the case "ended up going to a settlement." (State's Lodging H-36, p. 48.) Although Creech contends that some of the documents in that lawsuit were shielded from the public, it appears that a significant portion of the file was accessible, and there is no indication that counsel attempted to gain access to the full record or even investigated the matter to any degree. This is particularly true of post-conviction counsel, who was responsible for litigating the claims of ineffective assistance of trial and sentencing counsel.

The Court finds that Creech lacked diligence in developing these facts in state court. Neither exception in § 2254(e)(2)(A)&(B) would be applicable, and the motion shall be denied.

  2. <u>Reliance on the Presentence Investigation Report (Claim 1)</u>

Relying on *Crawford v. Washington*, 541 U.S. 36 (2004), and *Gardner v. Florida*, 430 U.S. 349 (1977), Creech contends that the sentencing court's consideration of hearsay information in the presentence investigation report (PSI) violated his rights to confrontation and due process of law. His primary complaint is directed at law enforcement reports regarding the circumstances surrounding Jensen's death and Creech's prior criminal acts.

**Memorandum Decision and Order - 9**

In *Crawford* the United States Supreme Court held that hearsay that is "testimonial" in nature is not admissible at *a criminal trial* unless the witness is unavailable and the defendant has had a prior opportunity for cross-examination. 541 U.S. at 59.  Setting aside serious issues related to whether this rule extends, or should extend, to the factfinding phase of a capital sentencing hearing, the Supreme Court has already held that *Crawford* is not retroactive to cases that were final when it was decided.  *Whorton v. Bockting*, 127 S.Ct. 1173, 1181-84 (2007). Creech's case became final long before *Crawford* was released, and the Supreme Court precedent in effect at the time of Creech's last sentencing hearing did not hold that a defendant had a right to confront all adverse witnesses at a capital sentencing hearing.  *See Williams v. New York*, 337 U.S. 241 (1949); *Del Vecchio v. Ill. Dep't of Corr.*, 31 F.3d 1363, 1388 (7th Cir. 1994) (en banc); *Bassette v. Thompson*, 915 F.2d 932, 939 (4th Cir. 1990); *but see Proffitt v. Wainwright*, 685 F.2d 1227, 1255 (11th Cir. 1982) (extending the right to confrontation at a capital sentencing).  Thus, the portion of this claim that relies on the Confrontation Clause, as interpreted by *Crawford*, is barred under the non-retroactivity principles of *Teague v. Lane*, 489 U.S. 288, 301 (1989).

Creech also cites *Gardner v. Florida*, 430 U.S. 349 (1977).  In *Gardner*, the Supreme Court held that a defendant is denied due process of law in a capital case

**Memorandum Decision and Order - 10**

when a death sentence is based, at least in part, on information that the defendant had no opportunity to explain or deny. *Id*. at 362.

Creech has wholly failed to indicate what additional factual development he believes needs to occur on this aspect of his claim. In any case, he had a full and fair opportunity to present evidence, if he so desired, at many points during the state court proceedings, including at the last sentencing hearing and at the post-conviction evidentiary hearing. (State's Lodging I-39.) The Court concludes that Creech's failure to offer additional facts or evidence in state court is due to a lack of diligence, and 28 U.S.C. § 2254(e)(2) prohibits new evidentiary development in federal court.

    3.    <u>Ineffective Assistance of Counsel (Claim 4)</u>

Creech seeks to develop evidence through discovery and an evidentiary hearing on the following non-defaulted claims of ineffective assistance of counsel:

(1)    Trial counsel failed to move to withdraw based upon a conflict of interest, but this claim is limited to "a major disagreement" between counsel and Creech about whether to plead guilty and counsel's alleged status as a witness "about the plea," meaning the circumstances surrounding Creech's decision to enter a guilty plea. (Second Amended Petition, ¶ 99(c)).

**Memorandum Decision and Order - 11**

(2) Trial counsel failed to communicate adequately and consistently with Creech. ¶ 99(i)

(3) Trial counsel did not conduct an adequate and independent mitigation investigation in anticipation of sentencing, in the following ways: (a) counsel failed to conduct a reasonable investigation into Creech's "background and personal history"; (b) counsel failed to investigate the victim's history of assaultive behavior (limited to sentencing claim); (c) counsel failed to retain mental health experts before sentencing; and (d) counsel failed to present mitigating mental health evidence at the sentencing hearing. ¶ 99(h)(but only to the extent that is applies to sentencing); ¶ 100(b)(d)(j)(o)&(q).

Like the other claims, Creech had a full and fair opportunity to raise and litigate ineffective assistance of counsel claims during the post-conviction proceeding following the resentencing. The state court appointed new counsel to represent him during that proceeding and granted his request for an evidentiary hearing. At the hearing, his former attorneys testified extensively about wide-ranging matters related to their representation. (State's Lodging I-39, pp. 160-338.) In denying relief, the district court issued a written Memorandum Decision and Order that included an analysis on the claims of ineffective assistance of

counsel.  (State's Lodging I-38, pp. 191-210.)  The Idaho Supreme Court addressed the claims that were not procedurally barred and affirmed.[1]  *Creech V*, 966 P.2d 1 (Idaho 1998).

To the extent that Creech contends that *additional* facts were not offered to state court at the appropriate time, the failure to do so is attributable to him.  *See Williams*, 529 U.S. at 432.  His argument that post-conviction counsel was inexperienced, had a conflict of interest, and lacked sufficient resources is vague, fails to address the United States Supreme Court's conclusion in *Williams* that fault may be attributable to "the prisoner or the prisoner's counsel," *see Id*. at 432, and is a variation of the same argument that this Court has previously rejected.  (Docket No. 173, pp. 30-33; Docket No. 181, pp. 9-10.)

The only other matter that merits additional comment here is Creech's claim that his request for production of specific Idaho Department of Correction (DOC) documents should be granted because his counsel subpoenaed those records in state court but was told that they could not be located or had been destroyed.  (Docket No. 226, pp. 2-3.)  Precisely how these records would help him to prove

---

[1] At this time, it is unnecessary for the Court to reach Respondent's alternative argument that all claims that relate to the guilt phase of this case, as opposed to claims that did not arise until the 1995 resentencing proceeding, are barred by the prohibition on second or successive applications for habeas relief contained in 28 U.S.C. § 2244(b).  The parties may wish to address this issue in greater detail in final briefing.

**Memorandum Decision and Order - 13**

his allegations of ineffective assistance of counsel is unclear. He appears to argue that they would show that the DOC deliberately placed him in a situation likely to result in violence despite his advance warning, but trial counsel had presented evidence on that point and the sentencing court rejected it as not particularly mitigating. (State's Lodging H-35, pp. 303-04.) Creech's suggestion that the victim's institutional record, if it exists, would reveal that Jensen had a greater propensity for violence than was previously known is speculative. Therefore, regardless whether § 2254(e)(2) applies to this discovery request, the Court concludes that Creech has not shown good cause for the production of DOC records.

    Creech must now demonstrate that he is entitled to relief on the evidence that was before the state courts. *Holland v. Jackson*, 542 U.S. 649, 652 (2004).

    4.    <u>Involuntary Guilty Plea (Claims 9-12)</u>

    Creech next seeks to develop the factual circumstances related to the events surrounding the entry of his guilty plea in 1981. Without reaching Respondent's argument that all guilt-phase issues are barred as second or successive claims for relief, the Court concludes that Creech had an opportunity to develop the facts during the litigation on his 1983 motion to withdraw his plea. A full evidentiary hearing was held at that time, during which several witnesses testified, including

**Memorandum Decision and Order - 14**

Creech himself. (State's Lodgings F-25, F-26.) The Idaho Supreme Court addressed the issue in a written decision on appeal. (State's Lodging G-31.)

Creech's suggestion that he was prevented from developing the facts when the state district court dismissed his second motion to withdraw his guilty plea before the resentencing hearing is not persuasive. That motion was dismissed after the district court concluded that the validity of the plea had already been conclusively resolved. (State's Lodging H-34, pp. 111-114.) The Idaho Supreme Court noted that "the timing of the filing of Creech's second motion to withdraw in this case is irrelevant and does not create a new issue simply because it was coincidentally filed and decided prior to the resentencing due to scheduling delays." *Creech V*, 966 P.2d at 21-22.

The failure to offer additional evidence or to develop the factual basis for these claims in greater detail is due to a lack of diligence at the appropriate time, and Creech's request for discovery and an evidentiary hearing on these claims shall be denied.

   5. <u>Sufficiency of the Evidence Supporting the "Utter Disregard"
     Aggravating Circumstance (Claim 14)</u>

This is a record-based claim; either the evidence was sufficient to support the district court's finding that Creech exhibited an utter disregard for the value of human life, or it wasn't. Extraneous factual matters have no bearing on the

**Memorandum Decision and Order - 15**

resolution of that question of law, and an evidentiary hearing is not required. *See Hendricks v. Vasquez*, 974 F.2d 1099, 1103 (9th Cir. 1992).

6.  County Financing (Claim 22)

In this claim, Creech alleges that the different financial burdens on Idaho counties to prosecute death penalty cases violated his rights to the effective assistance of counsel, due process, and equal protection.

This claim was raised during the post-conviction matter, but Creech offered only "anecdotal evidence" about county financing. (State's Lodging I-38, p. 209.) Creech failed to develop the factual basis at the appropriate time, and he is not entitled to discovery or an evidentiary hearing on this issue.

7.  Fair and Impartial Judge (Claim 27)

The final claim that is subject to the pending motions is Creech's allegation that the state court judge who presided over his case from 1981 through the post-conviction matter was biased against him.

Creech never requested an evidentiary hearing or the opportunity to present evidence on this claim in state court. After learning of a newspaper article in which the judge indicated that he had received outside contact from the public in death penalty matters, Creech filed a motion asking the judge to disclose "all communications and contacts between the Court and any others concerning this

**Memorandum Decision and Order - 16**

Defendant, this case, or the proper sentence to imposed herein, other than those contacts which are disclosed in the record." (State's Lodging H-34, pp. 35-36.) The judge responded:

> Well, I have no problem stating any of this. It's exactly the same as I said in the Sivak case. The public back then, death sentences were very rare things and hundreds of calls came to my office, that's right.
>
> I didn't talk to any of them. My clerk funneled them away. I don't know if Mr. Creech was involved in these calls, but I'm sure he was.
>
> I wouldn't have talked to any. I don't intend to talk to any. I'm not having any now. And my clerk is available to bring in and you can put her under oath if you want to find that out. So I'll grant this motion and I have disclosed.

(State's Lodging H-36, pp. 30-31.)

Creech's attorney did not follow up on the issue, and he apparently declined the judge's invitation to have his clerk to testify. Presumably, his investigation did not yield any information beyond that which the judge provided on the record. Creech's new post-conviction attorney did not file a motion to disqualify the judge on this basis, nor did he seek to develop the facts at the evidentiary hearing.

It is true that this Court granted another capital habeas petitioner's motion to depose the same district court judge and his court clerk based on allegations of bias, but that case was governed by pre-AEDPA standards. (*Sivak v. Hardison*, Case No. CV 96-56-S-BLW, Docket No. 279, pp. 7-9, 18-20.) More important,

**Memorandum Decision and Order - 17**

the record in that case included motions to disqualify, hearings on those motions, and indications of a possible personal dispute between the judge and defense counsel.  This record is devoid of those matters..

In accordance with 28 U.S.C. § 2254(e)(2), the Court concludes that Creech is not entitled to develop new evidence in support of this claim.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Take Judicial Notice (Docket No. 213), Motion for Leave to Conduct Discovery (Docket No. 214), and Motion for an Evidentiary Hearing (Docket No. 211) are DENIED.

IT IS FURTHER ORDERED that no later than April 29, 2008, Petitioner shall file a brief containing points and authorities on the merits of all non-dismissed claims.  Petitioner shall also address any remaining *Teague* issues.  Within 45 days of receiving Petitioner's brief, Respondent shall file a response.  Petitioner's optional reply shall be filed within 21 days of receiving the response.  Due to the age of this case, the Court advises the parties that it will not grant

**Memorandum Decision and Order - 18**

extensions of time absent a showing of exceptional circumstances.



DATED: **March 13, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 19**