IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS EUGENE CREECH, ) | |
| ) | Case No. CV 99-0224-S-BLW |
| Petitioner, ) | |
| ) | **CAPITAL CASE** |
| v. ) | |
| ) | **MEMORANDUM DECISION** |
| JOHN HARDISON, Warden, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

Before the Court in this capital habeas matter is Petitioner Creech's Motion to Alter or Amend Judgment (Docket No. 281), in which he asks this Court to reconsider its denial of relief on Claim 1 in the Second Amended Petition. The Motion will be denied.

## STANDARD OF LAW

Reconsideration of a final judgment under Federal Rule of Civil Procedure 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a post-judgment motion to reconsider as a means of litigating old matters or presenting arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**MEMORANDUM DECISION AND ORDER- 1**

As a result, there are four limited grounds upon which a motion to reconsider may be granted: (1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in the law.  *Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

## DISCUSSION

In Claim 1, Creech alleged that the sentencing court's consideration of hearsay information in the presentence investigation report ("PSI") violated his rights to confrontation and due process of law.  The Court denied relief after concluding that the Confrontation Clause aspect of the claim was *Teague*-barred to the extent that Creech was attempting to rely on the new rule from *Crawford v. Washington*, 541 U.S. 36 (2004), and that Creech had a fair opportunity to explain, rebut, or deny all information in the PSI before the 1995 sentencing.  (Docket No. 279, p. 15.)  Creech now asks the Court to reconsider its decision on the latter point because "the Court overlooked trial counsels' description of their preparation for sentencing." (Docket No. 281, pp. 2-3.)  Creech's present argument strikes the Court more as a thinly-veiled attempt to raise an ineffective assistance of counsel claim rather than a due process claim that his death sentence rests on confidential

**MEMORANDUM DECISION AND ORDER- 2**

or unreliable information. In any case, the Court finds no basis for reconsideration.

As the Court explained previously, the bulk of the information in the PSI was available to Creech and his counsel before the original sentencing hearing in 1982. The Ninth Circuit has already concluded that "Creech had the opportunity, other than through cross-examination, to dispute the accuracy of the presentence report prior to and at his January 1982 sentencing hearing because his counsel was given the report prior to the sentencing hearing." *Creech v. Arave*, 947 F.2d 873, 880 (9th Cir. 1991). Creech's original attorney, Rolf Kehne, represented Creech in the first federal habeas action in this Court and, with the assistance of his law partner, again at the resentencing hearing in 1995. Given these facts, counsels' claim at the resentencing hearing that they did not have sufficient time to prepare to meet the "old" material in the PSI is simply not very credible.

The "new" or updated information consisted primarily of Creech's disciplinary record in prison since the early 1980s. That information was provided to counsel five months before the hearing. Because Creech was given all information in the PSI–old and new–well in advance, he cannot claim that he was sentenced to death based on information that he had no opportunity to explain or deny. *See*, *e.g.*, *Gardner v. Florida*, 430 U.S. 349 (1977). Perhaps more importantly, he has offered no argument as to how a more thorough investigation

**MEMORANDUM DECISION AND ORDER- 3**

or preparation by counsel would have impacted the sentencing decision in any way. *See Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993) (holding that a habeas petitioner must show that any constitutional error "had substantial and injurious effect or influence" on the result).[1]

For these reasons, the Court remains convinced that Creech is not entitled to relief on Claim 1. The Court also finds that its resolution of this issue would not be reasonably debatable, and it shall deny Creech's request for a certificate of appealability. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Alter or Amend Judgment (Docket No. 281) is DENIED. Petitioner's request for a certificate of appealability over the Court's denial of Claim 1, contained within the present Motion, is likewise DENIED.



DATED: **June 9, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

---

[1] As Creech's claim slides closer to an ineffective assistance of counsel claim under the Sixth Amendment, he would be required to show that, but for counsel's alleged lack of competent preparation, there is a reasonable probability of a different sentencing outcome. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). He has not done so.

**MEMORANDUM DECISION AND ORDER- 4**