UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS EUGENE CREECH,<br><br>Petitioner,<br><br>v.<br><br>AL RAMIREZ, Warden,<br><br>Respondent. | Case No. 1:99-cv-00224-BLW<br><br>**CAPITAL CASE**<br><br>**MEMORANDUM DECISION AND ORDER** |

Thomas Eugene Creech, the Petitioner in this habeas corpus case, is an Idaho state prisoner under a sentence of death. Currently pending is Petitioner's Motion for Reconsideration (Dkt. 336) of the Court's January 29, 2016 Memorandum Decision and Order (Dkt. 325). In that decision—on remand from the Ninth Circuit—the Court concluded that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), did not apply to excuse the procedural default of certain claims of ineffective assistance of trial counsel.

In his Motion, Petitioner asks that the Court reconsider its *Martinez* Order on six grounds. First, Petitioner argues that the Court incorrectly articulated and applied the legal standard as to whether post-conviction review counsel performed deficiently during initial-review collateral proceedings. (Dkt. 336-1 at 3-9.)

**MEMORANDUM DECISION AND ORDER - 1**

Second, Petitioner asserts that the Court's *Martinez* analysis was incorrect because the Court required a showing of *Strickland*[1] prejudice from post-conviction review counsel's performance. (*Id*. at 9-15.)

Third, Petitioner challenges the Court's determination that he forfeited any *Martinez* arguments as to the claims set forth in ¶¶ 100(o)(i), (o)(ii), (o)(v), and (q) of Claim 4. (*Id*. at 15-18.)

Fourth, Petitioner argues that the Court applied an incorrect legal framework in deciding whether to hold an evidentiary hearing on the applicability of *Martinez*. (*Id*. at 19-21.)

Fifth, Petitioner contends the Court incorrectly determined that the claims set forth in ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv) of Claim 4 are not fundamentally altered from the claims raised in state court and that, therefore, the claims are not procedurally defaulted and not subject to *Martinez*. (*Id*. at 21-79.)

Sixth and finally, Petitioner asserts that the Court incorrectly denied a certificate of appealability on two issues. (*Id*. at 79-81.)

For the reasons that follow, Petitioner's Motion will be denied, and the Court will issue a new judgment in favor of Respondent.

---

[1]    *See Strickland v. Washington*, 466 U.S. 668, 687-97 (1984) (holding that ineffective assistance of counsel requires a showing that (1) counsel performed deficiently, and (2) counsel's deficient performance was prejudicial).

**MEMORANDUM DECISION AND ORDER - 2**

1.      **Standard of Law for Reconsideration of Interlocutory Orders**[2]

Federal courts have the "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and emphasis omitted). Although courts have authority to reconsider prior orders, they "should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

Although the "the availability of new evidence or an expanded factual record" can, in some circumstances, be a basis to reconsider an interlocutory order, *Gray v. Carlin*, No. 3:11-CV-00275-EJL, 2015 WL 75263, at *2 (D. Idaho Jan. 6, 2015), a motion for reconsideration should not be used "as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought," *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854-55 (S.D. Iowa 2008) (internal quotation marks omitted).

---

[2]      Because the Court concludes that Petitioner has failed to meet the standard required for reconsideration of interlocutory orders, it need not consider Respondent's argument that the Motion for Reconsideration is more appropriately considered under the stricter standard for reconsideration of final orders as set forth in Federal Rule of Civil Procedure 59(e).

**MEMORANDUM DECISION AND ORDER - 3**

2.    **Petitioner Has Not Established Extraordinary Circumstances to Justify Reconsideration of the Court's Decision on the Applicability of *Martinez***

A.    *With respect to Claim 4, ¶ 100(a), the Court did not commit clear error in determining that Petitioner's initial post-conviction review counsel ("PCR counsel") provided objectively reasonable representation under the second prong of* **Martinez.**

In Claim 4, ¶ 100(a), Petitioner asserted that his counsel's strategy in presenting mitigation evidence at the resentencing proceeding was objectively unreasonable. He claimed that counsel "failed to bring professional skill and knowledge to the proceedings, resulting in the absence of a reliable adversarial proceeding" and that counsel's sentencing presentation "was a disjointed presentation of random reminiscences and unsupported psychological theories."[3] Though this ineffective-assistance-of-counsel ("IAC") claim was procedurally defaulted, the Court could still hear the merits of the claim if the *Martinez* exception applied—that is, if the underlying IAC claim was substantial and if PCR counsel rendered ineffective assistance in allowing the claim to be defaulted.[4] *Martinez*, 132 S. Ct. at 1315; *Trevino v. Thaler*, 133 S. Ct. 1911, 1918, 1921 (2013).

---

[3]    The Court has noted that this claim is distinct from Petitioner's claims, in other subparagraphs of Claim 4, which assert ineffectiveness with respect to mitigation evidence that resentencing counsel failed to discover or to present at resentencing. (Dkt. 325 at 23.)

[4]    The third and fourth prongs of the *Martinez* test are not at issue. *See Trevino*, 133 S. Ct. at 1918, 1921 (describing the *Martinez* test as follows: (1) the underlying claim of ineffective assistance of counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the ineffective assistance of trial counsel claim could have been brought; and (4) state law requires that an ineffective assistance of counsel claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal).

**MEMORANDUM DECISION AND ORDER - 4**

In determining whether PCR counsel rendered deficient performance for purposes of the second *Martinez* prong, the Court considered what legal standard should apply to the review of PCR counsel's performance—that is, what constitutes objectively reasonable (or unreasonable) representation during an initial-review collateral proceeding? The Court determined that, "in undertaking the *Strickland* analysis when evaluating PCR counsel's performance under *Martinez*, a federal court's review must be *more* deferential than that afforded trial counsel, but *less* deferential than that afforded direct appeal counsel." (Dkt. 325 at 26.) The Court then stated that it did not need to define the standard more precisely because, "under any attorney performance standard," PCR counsel did not render deficient performance. (*Id*.) That is, under the standard applicable either to trial counsel or to direct appeal counsel, PCR counsel's performance did not fall below an objective standard of reasonableness.

Petitioner first takes issue with the Court's conclusion that PCR counsel's performance should be viewed more deferentially than trial counsel's performance, and he then scolds the Court for failing to articulate the standard more precisely, arguing that the Court should have "spell[ed] out exactly where in that gray area the standard lay." (Dkt. 336-1 at 5.) As to Petitioner's first point, he simply disagrees with the Court's analysis—a matter for appeal, not reconsideration.

As to Petitioner's second point, the Court declines the invitation to exhaustively articulate the appropriate standard where it is clear that, even under the standard applicable to trial counsel's performance, PCR counsel's failure to include this claim on

**MEMORANDUM DECISION AND ORDER - 5**

initial collateral review was not objectively unreasonable. The Court considered cases involving claims of deficient performance of *both* trial and appellate counsel in its analysis and determined that, under either standard, PCR counsel's performance was not deficient. (Dkt. 325 at 28-29.)

The Court does not see a problem with that type of analysis. And neither does the Ninth Circuit. *See Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016) ("It is not necessary here to delineate precisely what PCR counsel's duties are, and how they are similar to or different from those of trial or appellate counsel. . . . Even if we accept Runningeagle's contention that PCR counsel has a broad duty to investigate and preserve potentially meritorious trial-level IAC claims, Runningeagle simply does not carry his burden to show that [PCR counsel] made errors so serious that he was not functioning as counsel.") (internal quotation marks and alterations omitted).

At bottom, Petitioner simply has not rebutted the "strong presumption" that his PCR counsel's failure to include ¶ 100(a) in Petitioner's initial post-conviction petition was the result of a reasonable tactical decision that fell within "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. The Court's decision as to PCR counsel's performance was not clearly erroneous and would not result in manifest injustice. Further, even if the failure to include this claim constituted deficient performance of PCR counsel, Petitioner has not shown a reasonable probability that, but for this failure, Petitioner would have been granted post-conviction relief. (*See* Dkt. 325 at 29.) Therefore, reconsideration is not warranted.

**MEMORANDUM DECISION AND ORDER - 6**

**B.** **The Court properly followed Ninth Circuit precedent in requiring that Petitioner establish Strickland *prejudice from PCR counsel's performance to satisfy the second prong of* Martinez, *and its conclusion that Petitioner had not established such prejudice is not clearly erroneous.*

Petitioner renews his argument that he does not need to show prejudice from PCR counsel's performance in order to satisfy the second prong of *Martinez*—that PCR counsel rendered ineffective assistance in the initial post-conviction petition. However, that argument has been rejected by the Ninth Circuit Court of Appeals.

The Circuit has held that the second prong of *Martinez* is not satisfied unless a petitioner shows "not only that PCR counsel performed deficiently, but also that this prejudiced the petitioner, i.e., that there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different." *Runningeagle*, 825 F.3d at 982 (internal quotation marks omitted). *See also Pizzuto v. Ramirez*, 783 F.3d 1171, 1178 (9th Cir. 2015) (same); *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014) (same), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015) (en banc). The Circuit has explicitly refused to reconsider this standard. *See Runningeagle*, 825 F.3d at 982 n. 13 ("We decline to revisit the *Clabourne/Pizzuto* standard.").

Despite the fact that *Clabourne*, *Pizzuto*, and *Runningeagle*—all of which describe the second prong of *Martinez* as requiring *Strickland* prejudice—were decided *before* briefing on the Motion for Reconsideration was completed,[5] Petitioner stubbornly clings

---

[5] *Clabourne* and *Pizzuto* were issued before Petitioner filed the Motion and his opening brief in support of the Motion, and *Runningeagle* was issued before Petitioner filed his reply.

**MEMORANDUM DECISION AND ORDER - 7**

to the plurality opinion in *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013) (en banc), in arguing for a different standard.

The *Detrich* plurality stated that a prisoner "need not show actual prejudice resulting from his PCR counsel's deficient performance, over and above his required showing that the trial-counsel IAC claim [is] 'substantial' under the first *Martinez* requirement"). 740 F.3d at 1245-46 (plurality). However, the Circuit has now definitively resolved the fractured opinions in *Detrich* and has come to a different conclusion than the *Detrich* plurality. *See Clabourne*, 745 F.3d at 377. Though Petitioner argues that *Clabourne*'s analysis of *Detrich* was incorrect, this Court has neither the authority nor the inclination to change the law as set forth by the Ninth Circuit.[6] Thus, the Court's decision on this issue was not clearly erroneous and did not work a manifest injustice.

**C.     *The Court did not commit clear error in finding that Petitioner forfeited any* Martinez *argument as to Claim 4, ¶¶ 100(o)(i), (o)(ii), (o)(v), and (q).***

The Court previously found that Petitioner had not provided specific argument with respect to eleven traditional IAC claims—as set forth in ¶¶ 99(h), 99(j), 100(e), 100(g), 100(h), 100(i), 100(m), 100(o)(i), 100(o)(ii), 100(o)(v), and 100(q) of Claim 4—and one conflict-of-interest claim as set forth in Claim 30. (Dkt. 325 at 11-13.) Therefore, the Court held that Petitioner forfeited any *Martinez* argument as to those claims.

---

[6]     Petitioner's continued insistence on the applicability of the *Detrich* plurality opinion perhaps illustrates the problems that can arise when the en banc court cannot produce a majority opinion. However, the confusion left behind by *Detrich* is no more, thanks to *Clabourne*, *Pizzuto*, and *Runningeagle*. If Petitioner does not like the way the Ninth Circuit has described and applied the second *Martinez* prong, he will have to take it up with that court en banc.

**MEMORANDUM DECISION AND ORDER - 8**

Petitioner now challenges the Court's finding that he forfeited *Martinez* arguments on four of those claims: those set forth in ¶¶ 100(o)(i), (o)(ii), (o)(v), and (q) of Claim 4.[7] (Dkt. 336-1 at 15.) These claims were all denied on the merits in state court and in this Court. Petitioner contends that the Court's previous issuance of a certificate of appealability ("COA")—on the merits of these four sub-claims—equates to a substantiality finding. *See Runningeagle*, 825 F.3d at 983 ("*Martinez* suggests, via a 'Cf.' citation to *Miller-El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003), that the substantiality standard is comparable to the standard for a certificate of appealability to issue under 28 U.S.C. § 2253(c)(2)."). Therefore, Petitioner insists, he reasonably relied on his reference to the COA in his briefing as completely and specifically arguing that the default of these purportedly fundamentally-altered claims is excused by *Martinez*.

Petitioner's argument fails for several reasons. First, substantiality is only one of the four prongs of *Martinez*. Therefore, Petitioner's passing reference to the Court's issuance of a COA, with respect to the merits of the claims in ¶¶ 100(o)(i), (o)(ii), (o)(v), and (q), could possibly have constituted argument only on the first prong of *Martinez*—a

---

[7] These claims asserted sentencing IAC for failure to present relevant mitigation evidence with respect to the following: an incident where Petitioner saved the life of another person (¶ 100(o)(i)); Petitioner's purported attempt to get help for the victim, David Jensen (¶ 100(o)(ii)); behavior of IDOC employees, inmates, and Jensen himself that allegedly constituted participation and solicitation of, or consent to, the murder (¶ 100(o)(v)); and Petitioner's mental health issues, including personality disorder diagnoses (¶ 100(q)).

**MEMORANDUM DECISION AND ORDER - 9**

prong that the Court was not necessarily required to even address.[8] *See Martinez*, 132 S. Ct. at 1319 ("When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards."). In his *Martinez* briefing, Petitioner all but ignored the prejudice portion of the second prong of *Martinez*—ineffective assistance of PCR counsel. That Petitioner might have mistakenly believed he did not need to present argument on that prong does not justify reconsideration.

Second, Petitioner erroneously contends that the Court previously found the claims in ¶¶ 100(o)(i), (o)(ii), (o)(v), and (q) to be procedurally defaulted, and that this conclusion excuses Petitioner's failure to adequately brief *Martinez* arguments as to these claims. (Dkt. 336-1 at 16-17.) He asserts he "cannot reasonably be blamed for relying on this Court's own previous ruling." (*Id.* at 17.) Contrary to Petitioner's contention, however, the Court determined that the claims in ¶ 100(o)—which obviously includes sub-claims (o)(i), (o)(ii), and (o)(v)—and the claim in ¶ 100(q) "were fairly presented to the Idaho Supreme Court and *are free of a state procedural bar*." (Dkt. 173 at 13-14 (emphasis added).) The Court's recitation of properly exhausted claims did, indeed, include those at issue in ¶¶ 100(o) and (q), and Petitioner's contrary assertion is

---

[8]     For example, with respect to Claim 4, ¶ 100(a), the Court did not consider substantiality under the first *Martinez* prong because it concluded that Petitioner failed to satisfy the second *Martinez* prong, that of ineffective assistance of PCR counsel. (Dkt. 325 at 30 n.10.)

**MEMORANDUM DECISION AND ORDER - 10**

inaccurate.[9] (*Id.*) The state court and this Court both addressed the merits of the claims in

¶¶ 100(o)(i), (o)(ii), (o)(v), and (q). (Dkt. 279 at 22-36.)

Finally, Petitioner contends he appropriately raised the *Martinez* issue with respect

to ¶¶ 100(o)(i), (o)(ii), (o)(v), and (q) simply by stating that "the majority of the Trial

IAC Claims were not presented to the state court and are procedurally defaulted." (Dkt.

336-1 at 16, citing Dkt. 308 at 4-5.) This argument is frivolous.

The Court cannot, and will not, assume that a petitioner seeks to excuse the default

of an IAC claim under *Martinez* merely by noting that the claim was defaulted. *Martinez*

is a cause-and-prejudice doctrine. Whether a claim is procedurally defaulted and whether

cause and prejudice exist to excuse that default are, quite obviously, two distinct

inquiries—that principle has been clear for four decades. *See Wainwright v. Sykes*, 433

U.S. 72, 87 (1977) ("[W]e deal only with contentions of federal law which were not

resolved on the merits in the state proceeding due to [a petitioner's] failure to raise them

---

[9]     Petitioner has apparently realized this mistake. In his reply brief in support of his Motion for
Reconsideration, he acknowledges that ¶ 100(q) had previously been found to be exhausted and non-
defaulted. (Dkt. 362 at 18.) Petitioner then argues that the Court's conclusion that ¶ 100(q) was properly
exhausted "was never correct," meaning that the even under pre-*Martinez* law, the claim was procedurally
defaulted. (*Id.*)
        The Court declines Petitioner's invitation to reverse its previous decision that the claim in ¶
100(q) *as presented in the Second Amended Petition*—not as presented with the additional evidence—was
properly exhausted, considering it was Petitioner himself who successfully argued so. (*See* Dkt. 157 at 27-
28 (arguing that ¶ 100(q) and ¶ 100(o) were not defaulted).) Pursuant to the doctrine of judicial estoppel,
having already convinced the Court that ¶ 100(q), as it was asserted in the Second Amended Petition, was
raised and addressed on the merits in state court, Petitioner "cannot now reverse [that] position in order to
suit [his] current objectives." *Whaley v. Belleque*, 520 F.3d 997, 1002 (9th Cir. 2008). Because
Petitioner's statement that the Court's previous procedural default decision was "never correct" is *not*
based on the change in law brought about by *Martinez*, judicial estoppel is appropriate in this instance. *Cf.*
*Lopez v. Ryan*, No. CV-97-224-TUC-CKJ, 2015 WL 5817642, at *14 (D. Ariz. Oct. 6, 2015) (declining
to apply the doctrine of judicial estoppel when petitioner's change in position was based on *Martinez v.*
*Ryan*).

**MEMORANDUM DECISION AND ORDER - 11**

there as required by state procedure. We leave open for resolution in future decisions the precise definition of the cause-and-prejudice standard . . . .") (internal quotation marks omitted). The refusal to acknowledge this longstanding and fundamental principle is akin to a head-in-the-sand approach to lawyering and is most certainly *not* a basis for reconsideration.[10] Further, as noted above, after *Clabourne*, *Pizzuto*, and *Runningeagle*—all of which were decided before briefing on the instant Motion was completed—it is clear that the default of a substantial claim is not enough to establish prejudice as to the second *Martinez* prong. Instead, a petitioner must show a reasonable probability of a different outcome in the initial PCR proceedings. Thus, stating that a claim is defaulted, or asserting deficient performance of PCR counsel but not prejudice, does *not* constitute argument that PCR counsel rendered ineffective assistance.

The Court need not guess at a litigant's argument, or deem an issue raised when it was not. It remained—at all times—Petitioner's burden to tell the Court which claims he believed were subject to the *Martinez* exception *and why*. By failing to do so with respect to the claims in ¶¶ 100(o)(i), (o)(ii), (o)(v), and (q) of Claim 4, Petitioner forfeited his *Martinez* arguments on those claims. It would have been improper for the Court to usurp

---

[10]     Petitioner's counsel are warned that presentation of frivolous arguments in the future may be grounds for sanctions. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief . . . the claims defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."); and Fed. R. Civ. P. 11(c)(1) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.").

**MEMORANDUM DECISION AND ORDER - 12**

the role of Petitioner's counsel by making up its own arguments that could have been, but were not, presented by Petitioner in his briefs.

For the foregoing reasons, Petitioner has not shown any extraordinary circumstances to justify reconsideration on this basis.

### D. The Court applied the appropriate legal standard in determining that Petitioner was not entitled to an evidentiary hearing on the applicability of Martinez to Claim 4, ¶ 100(a).

Petitioner argues that the Court used an improper framework in deciding whether to grant an evidentiary hearing on whether *Martinez* applies to his claim, in ¶ 100(a) of Claim 4, that resentencing counsel rendered ineffective assistance with respect to the way in which he presented mitigation evidence at the resentencing hearing. (Dkt. 336-1 at 19.) At the time of the Court's decision in January 2016, the standards for determining when a *Martinez* cause-and-prejudice hearing is warranted were not entirely clear. At the very least, however, the Ninth Circuit had determined that a *Martinez* hearing is not always required when a petitioner seeks to invoke the exception. *See Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) (en banc) (stating that a "district court *may take evidence to the extent necessary* to determine whether the petitioner's claim of ineffective assistance of trial counsel is substantial under *Martinez*") (emphasis added).

Since the Court's January 2016 ruling, the Circuit has clarified the standard required to obtain an evidentiary hearing under *Martinez*. In *Runningeagle*, the court held that an evidentiary hearing was not required because the "documentary evidence submitted fully presented the relevant facts," and, therefore, "oral testimony and cross-examination [were] not necessary." 825 F.3d at 990. The petitioner in *Runningeagle* was

**MEMORANDUM DECISION AND ORDER - 13**

not entitled to an evidentiary hearing on the applicability of the *Martinez* exception because he had "made no showing that [the witnesses'] testimony would differ materially from their declarations." *Id.*

In this case, Petitioner had complete incentive to bring forward all of his evidence in support of his *Martinez* arguments when the Court was first considering those arguments. His claim that he should be excused from his failure to do so—as well as the issue of whether such evidence is barred by 28 U.S.C. § 2244 or by the scope of the limited remand in this case—will be addressed in Section 2.E., below. On the record before the Court at the time of its January 2016 decision, there were no issues that would have required the Court to make credibility determinations, and an evidentiary hearing was unnecessary. The documentary evidence was sufficient for the Court to resolve the *Martinez* issue. *See Runningeagle*, 825 F.3d at 990.

Petitioner has not established that the Court applied an incorrect legal standard when it denied his request for a *Martinez* hearing, and extraordinary circumstances do not exist to justify reconsideration on this basis.[11]

---

[11]     The Ninth Circuit has determined that § 2254(e)(2), which limits the circumstances under which a petitioner may receive an evidentiary hearing in federal court, does not restrict a federal court's ability to hold a hearing on the applicability of *Martinez*. *Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) (en banc) (stating that a *Martinez* argument is not a constitutional "claim" subject to § 2254(e)(2)). However, § 2254(e)(2) "continues to have force" with respect to claims that were not adjudicated on the merits in state court. *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

     Thus, it is unclear how a court should apply § 2254(e)(2) if it determines that the default of an IAC claim is, in fact, excused under *Martinez*. In such a case, the statute would not prohibit an evidentiary hearing to determine whether a defaulted IAC claim is substantial and whether PCR counsel rendered ineffective assistance, but it *would* appear to prohibit an evidentiary hearing on the merits of that underlying IAC claim—meaning that the court would have to ignore all of the evidence it had just considered at the *Martinez* hearing. Because Petitioner is not entitled to an evidentiary hearing on the applicability of the *Martinez* exception, the Court need not wade into this legal quagmire at this time.

**E.    The Court did not commit clear error in holding that the claims set forth in ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv) of Claim 4 are not fundamentally altered from the claims decided on the merits in state court.**

To properly exhaust a constitutional claim, a petitioner must fairly present that claim in state court. "A claim has not been fairly presented in state court if new factual allegations either fundamentally alter the legal claim already considered by the state courts, or place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it." *Dickens*, 740 F.3d at 1318 (internal quotation marks and citations omitted).

The Court previously determined that the claims set forth in Claim 4, ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv) were not fundamentally altered from the claims that the state courts (and this Court) considered on the merits.[12] (Dkt. 325 at 30-48.) Therefore, because those claims were not procedurally defaulted, *Martinez* offers no relief. First, Petitioner disagrees with the Court's decision on the basis of the evidence that was in the record at the time of the Court's January 2016 ruling. (Dkt. 336-1 at 22-33.) Because Petitioner has not shown clear error or manifest injustice in the Court's decision, he is not entitled to reconsideration on that basis.

However, Petitioner's primary argument is that this Court did not have all of the relevant evidence when it concluded that these claims were not fundamentally altered.

---

[12]    Petitioner also argues that Claim 4, ¶ 100(q) is "relevant to the fundamentally altered analysis." (Dkt. 336-1 at 22.) Though Petitioner forfeited any fundamentally-altered/*Martinez* argument as to this claim (*see* § 2.C., *supra*; Dkt. 325 at 9-13), he again asserts that the Court's previous COA on the merits of ¶ 100(q) means that this claim is substantial under *Martinez*. As already noted, however, substantiality is only the first prong of *Martinez*, and argument as to that prong does not constitute argument as to the second *Martinez* prong.

**MEMORANDUM DECISION AND ORDER - 15**

(*Id*. at 33-79.) According to Petitioner, he did not present all of the available evidence at the time the Court was considering his *Martinez* arguments, and he asserts that the additional evidence—which he has now presented—requires an evidentiary hearing to determine whether the claims in ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv) are fundamentally altered. (*See* Attachments to Dkt. 336 & 362.)

In deciding this issue, it is important to distinguish between the iterations of ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv) *as set forth in the Second Amended Petition*— which were not defaulted and which were denied on the merits in state court and in this Court—and the potentially fundamentally-altered claims in ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv) *as supplemented with the additional evidence submitted on remand*. If the supplemented claims are fundamentally altered, they are "new" claims that have not been properly exhausted and are, therefore, procedurally defaulted. This raises the question of whether the Court can consider Petitioner's additional evidence at all.

       i.      <u>Petitioner is not entitled to submit additional evidence in support of his Motion for Reconsideration</u>

           *a)*     *Consideration of the additional evidence would violate the successive petitions bar of 28 U.S.C. § 2244*

Neither party has raised the issue of whether the successive petitions bar, *see* 28 U.S.C. § 2244, applies to the evidence submitted after this Court entered its final judgment—specifically, the evidence Petitioner has submitted with his Motion for Reconsideration. However, because the failure to obtain authorization from the Circuit to proceed with a successive petition is jurisdictional, *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016), the Court must raise the issue sua sponte. The Court concludes that

**MEMORANDUM DECISION AND ORDER - 16**

consideration of the evidence submitted with Petitioner's Motion for Reconsideration would violate § 2244.

Habeas corpus law is clear that all claims arising from a particular state court judgment must be brought in a single federal habeas corpus petition. Any claims not raised in that petition are barred, unless the petitioner secures authorization from the United States Court of Appeals to file a successive petition. 28 U.S.C. § 2244(a) & (b).

Post-judgment motions cannot be used to avoid the successive petitions bar and bring new claims not previously presented in federal court. In *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005), the Supreme Court determined that a Rule 60(b) motion that seeks to present newly discovered evidence, that seeks to add a new ground for relief, that attacks the resolution of a claim on the merits, or that seeks to vacate the judgment because of a subsequent change in substantive law going to the merits decision is subject to § 2244.

*Gonzalez* emphasized that a petitioner may use Rule 60(b) when he "merely asserts that a previous ruling which *precluded a merits determination* was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." 545 U.S. at 532 n.4 (emphasis added). *Gonzalez*, of course, was decided long before *Martinez*, and it did not address the successive petitions bar as it relates to a claim that actually *was decided on the merits*, but later alleged by the petitioner to be fundamentally altered by the supplementation of new evidence submitted post-judgment.

**MEMORANDUM DECISION AND ORDER - 17**

After *Martinez* was decided, the United States Court of Appeals for the Ninth Circuit issued several opinions clarifying whether petitioners could bring post-judgment motions to reconsider or consider anew procedurally defaulted claims subject to *Martinez*, without running afoul of § 2244. In *Jones v. Ryan*, the Ninth Circuit clarified: "*Gonzalez* firmly stands for the principle that new claims cannot be asserted under the format of a Rule 60(b) motion, and instead Rule 60(b) is properly applied when there is some problem going to the integrity of the court process on the claims that were previously asserted." 733 F.3d 825, 836 (9th Cir. 2013). In that case, the petitioner was trying to take advantage of *Martinez* to assert, in a Rule 60(b) motion, new claims that had not been included in his federal habeas corpus petition. The Circuit rejected this attempt, explaining as follows:

> [T]he rule announced in *Gonzalez*, that a valid Rule 60(b) motion attacks some defect in the integrity of the federal habeas proceedings, must be understood in context generally to mean the integrity of the prior proceeding with regard to the claims *that were actually asserted* in that proceeding. That Jones did not raise in his first habeas proceeding the claims he wants to raise here does not render the adjudication of the claims that he *did* raise suspect.

*Id*. (emphasis added) (internal quotation marks, citation, and alterations omitted). The court went on to hold that, even if the Rule 60(b) motion were not subject to § 2244, *Martinez* did not constitute an extraordinary circumstance justifying relief from judgment. *Id*. at 840.

In *Lopez v. Ryan*, the Ninth Circuit did not address whether the petitioner's Rule 60(b) motion was, "in substance," a successive petition. 678 F.3d 1131, 1139 n.2 (9th

**MEMORANDUM DECISION AND ORDER - 18**

Cir. 2012). Rather, the court held that *Martinez* did not constitute an extraordinary circumstance justifying relief under that rule. The court also declined to address the petitioner's argument that it should expand the *Martinez* exception from post-conviction counsel's failure to *raise* a claim to post-conviction counsel's failure to *develop* the factual basis of a claim that was actually raised. *Id*. at 1137. Instead, the court merely "note[d] tension" between that theory and *Cullen v. Pinholster*,[13] and then determined that the underlying IAC claim was insubstantial. *Id*. at 1137, 1139.

In *Dickens*, the Ninth Circuit answered the question left open in *Lopez*, but not in the context of a post-judgment motion. In state court, Dickens had presented a conclusory or "naked" *Strickland* claim without sufficient factual support—simply "that sentencing counsel did not effectively evaluate whether Dickens suffered from any medical or mental impairment." 740 F.3d at 1319 (internal quotation marks and alteration omitted). In his federal petition, Dickens "substantially improved" or "fundamentally altered" the "evidentiary posture" of this claim by asserting that his attorney failed to discover that Dickens suffered from Fetal Alcohol Syndrome ("FAS") and organic brain damage. *Id*.

Having asserted only the fundamentally altered claim in his federal petition,

---

[13]     *Pinholster* also left this question unresolved. *Pinholster* held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). 563 U.S. at 181. The Court declined to decide where to draw the line between new claims and claims adjudicated on the merits, but suggested that new evidence brought forward to supplement a claim decided on the merits could "present a new claim." *Id*. at 186 n.10. The Court did not resolve the parties' dispute over whether new evidence rendered a claim unadjudicated (the State's position) or whether new evidence should be deemed mere support for a properly exhausted claim (the petitioner's position). *Id*. at 1402 n.11. After *Martinez*, the positions of the parties on IAC claims are often reversed, with the petitioner arguing that an IAC claim was unadjudicated and the state arguing that the claim was decided on the merits in state court.

**MEMORANDUM DECISION AND ORDER - 19**

Dickens was faced with a motion to dismiss on grounds of procedural default. The federal district court granted the motion to dismiss, and on appeal Dickens asserted that *Martinez* provided him with a new path for his procedurally defaulted claim to be heard. The *Dickens* court concluded that, notwithstanding the fact that the state courts had adjudicated the original, inadequately-raised claim on the merits, Dickens could proceed to a *Martinez* hearing on the claim that Dickens's trial counsel was ineffective at sentencing for failing to present the FAS and organic brain damage facts, because it was a "fundamentally altered" claim that was significantly different from the claim that had been decided on the merits. *Id*. at 1319. *Dickens* further instructed that § 2254(e)(2) did not bar the federal court from taking new evidence in the *Martinez* hearing. *Id*. at 1321-22. Importantly, Dickens *had* brought his new, fundamentally altered claim in his federal petition—he was *not* attempting to assert fundamentally altered claims for the first time in a post-judgment motion.

This Court has previously addressed how to apply *Martinez* to the issue of fundamentally altered claims in the context of a post-judgment motion under Rule 59(e). In *Row v. Beauclair*, the Court considered "whether *Dickens* permits a petitioner to use a Rule 59(e) motion to raise *Martinez* by creating a procedurally defaulted companion claim[,] based on *Pinholster*-barred supplemental facts[,] from the fully exhausted but inadequately raised claim that was decided on the merits by the state and federal courts." No. 1:98-cv-00240-BLW, Dkt. 600 at 18-19, 2015 WL 1481416, at *9 (D. Idaho Mar. 31, 2015) (unpublished). The Court held that "Rule 59(e) can be applied without

**MEMORANDUM DECISION AND ORDER - 20**

transgressing 28 U.S.C. § 2244 (the successive petitions bar), with or without a *Martinez* question." *Id.* at 15; 2015 WL 1481416, at *7.

However, use of Rule 59(e) *does* violate the successive petitions bar if the petitioner attempts to apply the rule beyond its appropriately narrow context. That is, a petitioner may "create a fundamentally altered and procedurally defaulted claim from a merits-decided claim for *Martinez* purposes in a Rule 59(e) motion" without violating the successive petitions bar, but only if "(1) the *significantly different and stronger evidentiary posture of the claim was presented in the habeas corpus petition prior to entry of judgment* (whether as a separate companion claim or as an additional factual basis for a properly-exhausted claim), and (2) the resulting procedurally defaulted claim is actually fundamentally different from the one decided on the merits by the federal district court." *Id.* at 18; 2015 WL 1481416, at *9 (emphasis added). *See also Rishor*, 822 F.3d at 495 ("In sum, we hold that Rishor's motion for reconsideration [under Rule 59(e)] properly asked the district court to reconsider the merits of two claims that *were raised in Rishor's initial habeas petition*. Rishor's motion for reconsideration was, therefore, part and parcel of his one full opportunity to seek habeas relief and should not be construed as a second or successive habeas petition.") (emphasis added).

The petitioner in *Row* asserted her fundamentally altered claims prior to the entry of judgment. Thus, consideration of those claims and Row's new supporting evidence did not violate the successive petitions bar. *Row*, 2015 WL 1481416, at *10 ("Because Row raised the original claims *plus the additional evidence* in her Second Amended Petition

**MEMORANDUM DECISION AND ORDER - 21**

*before judgment was entered*, the Court concludes that it is appropriate to construe Petitioner's Second Amended Petition as presenting alternative claims (original and fundamentally altered), to the extent that the procedurally defaulted claim is fundamentally different from the original merits-decided claim.") (emphasis added)).

Considering *Gonzalez*, *Jones*, *Lopez*, *Dickens*, *Rishor*, and *Row* together, the Court holds that all of the evidence submitted by Petitioner with his Motion for Reconsideration—to the extent that evidence fundamentally alters (or substantially improves) the claims as they were asserted in state court—is barred by 28 U.S.C. § 2244. A fundamentally altered claim thus presented is a "new" claim. *See Dickens*, 740 F.3d at 1318 ("As an initial matter, we agree with the district court that Dickens failed to exhaust his 'new' [i.e., fundamentally altered or substantially improved] IAC claim."). Therefore, Petitioner's argument that the additional evidence, presented after this Court's previous entry of final judgment, fundamentally alters the claims set forth in ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv) would—if accepted—render those claims "new" claims that are subject to the successive petitions bar. That the Court's previous judgment was vacated and the case remanded for consideration of *Martinez* because the *Martinez* issue was initially raised to the Ninth Circuit in a motion to remand after oral argument—rather than in a post-judgment motion as in *Jones*, *Lopez*, *Row* and *Rishor*—makes no discernible difference to this Court.

For the foregoing reasons, the Court concludes that consideration of Petitioner's additional evidence, submitted in support of the Motion for Reconsideration and after the

**MEMORANDUM DECISION AND ORDER - 22**

previous final judgment was entered, and allowing Petitioner to assert what he contends are fundamentally altered claims, would violate the successive petitions bar. *See* 28 U.S.C. § 2244.

        b)     *Consideration of the additional evidence would exceed the scope of the Ninth Circuit's limited remand*

"[I]n both civil and criminal cases, . . . a district court is limited by [the Circuit's] remand in situations where the scope of the remand is clear." *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006). In remanding this case, the Ninth Circuit granted this Court the authority "to reconsider Creech's ineffective assistance of counsel claims in light of *Martinez*." (Dkt. 293 at 1.) As that language reveals, this case is before this Court on a limited remand. It is not a free-for-all. Specifically, there is no language in the Ninth Circuit's order suggesting that the Court of Appeals empowered this Court to reopen the record and accept additional, post-remand evidence.

The scope of the remand is clear: "The district court should determine whether Creech's state post-conviction counsel was ineffective and whether any of Creech's ineffective of assistance of counsel claims *previously found procedurally defaulted* are substantial."[14] (*Id.* (emphasis added).) The Court did not previously find the sub-claims in ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv) to be procedurally defaulted. Rather, these claims

---

[14]    The remand order also instructed the Court, if it determined that the default of a claim was excused under *Martinez*, to "consider the interplay" between *Martinez* and *Pinholster* in considering whether to grant an evidentiary hearing, and to consider whether "stay-and-abeyance is appropriate for any of Creech's ineffective assistance claims." (Dkt. 293 at 1-2.)

**MEMORANDUM DECISION AND ORDER - 23**

were denied on the merits in state court and in this Court. Therefore, consideration of those claims is outside the scope of remand.

Moreover, if the new evidence submitted on remand did fundamentally alter the claims, they would be new claims that the Court also did not previously find to be defaulted. Thus, to conclude either (1) that the Second Amended Petition's iterations of these claims were procedurally defaulted,[15] or (2) that the supplemented claims are now fundamentally altered by the additional evidence, would exceed the limited remand authorized by the Ninth Circuit—regardless of whether that evidence is also barred by § 2244. *See United States v. Broussard*, 611 F.3d 1069, 1073 (9th Cir. 2010) ("Because our remand was limited to [a] single [sentencing] issue, the district judge was powerless to alter the other terms of Broussard's sentence.").

The Court acknowledges that, in its January 2016 Order, it did not consider whether Petitioner's arguments as to his purportedly fundamentally altered claims—the allegedly "new" claims set forth in ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv) based on the additional supporting evidence—would exceed the scope of the Ninth Circuit's limited remand. However, after reviewing the remand order, the Court has determined that it lacks the authority to reopen the pre-remand record and take new evidence for purposes

---

[15]     As the Court explains in footnote 9, *supra*, Petitioner is also judicially estopped from arguing that the iterations of the claims in ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv), *as set forth in the Second Amended Petition*, are procedurally defaulted because he previously successfully argued to the Court that they were decided on the merits in the Idaho state courts. (*See* Dkt. 157 at 21-22, 25, 27; Dkt. 173 at 13-14.)

**MEMORANDUM DECISION AND ORDER - 24**

of determining whether the newly-supplemented sub-claims in ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv) are fundamentally altered and subject to *Martinez*.

> c) *Petitioner's reasons for failing to bring forth the additional evidence in a timely manner are not extraordinary circumstances justifying reconsideration*

Even if consideration of the evidence presented with Petitioner's Motion for Reconsideration would not violate the successive petitions bar or exceed the limited remand, Petitioner has not established that his stated reasons for failing to submit the additional evidence with his original *Martinez* briefing constitute extraordinary circumstances that warrant reconsideration. *See Jones v. Ryan*, 733 F.3d at 840 ("[T]he Supreme Court's decision in *Martinez* does not constitute such an 'extraordinary circumstance' as to warrant reopening of Jones's case under Rule 60(b)(6), even were we to disregard that Jones's assertion of new claims takes him outside of Rule 60(b).").

In his opening brief in support of the instant Motion, Petitioner claims that he refrained from previously presenting all of his evidence because he subjectively believed he had to offer only a "broad[] preview [of] the evidence . . . ; the detailed presentation, and the factual development that allowed it were—in Mr. Creech's view—to come at the [*Martinez*] hearing itself"—a hearing which, of course, had not been granted. (Dkt. 336-1 at 33.) In other words, Petitioner expected that this Court would grant a *Martinez* hearing based only on what he chose to submit.

The Court is not in the habit of granting motions for reconsideration simply because a litigant did not expect the Court to disagree with that litigant's position. Optimism about one's legal argument is one thing—scrambling for something new and

**MEMORANDUM DECISION AND ORDER - 25**

asking for a do-over once that argument is rejected is another. At the time he was briefing the *Martinez* issue, Petitioner understood—at the very least—that to warrant an evidentiary hearing, he had to show that cause and prejudice under *Martinez* would be established if his allegations were true. *See Clark v. Lewis*, 1 F.3d 814, 820 (9th Cir. 1993) ("An evidentiary hearing is not necessary to allow a petitioner to show cause and prejudice if the court determines as a matter of law that he cannot satisfy the standard."). The Court's decision that he did not meet this burden was not clearly erroneous and did not work a manifest injustice.

Petitioner's belief that the evidence he submitted would be enough to warrant an evidentiary hearing did not carry the day, but that is not an extraordinary circumstance warranting reconsideration. Petitioner made a judgment call as to what to submit to the Court, and he must abide by it. The Court was not required to predict that there was evidence that Petitioner decided to hold back, and Petitioner is not entitled to a second bite at the apple on this issue.[16]

Petitioner also claims that he did not previously provide all of his evidence because the Court's understanding of the second prong of *Martinez*—that it requires a

---

[16]    On remand, the Court allowed Petitioner the opportunity to file a pre-judgment motion for reconsideration, rather than immediately entering a new, post-remand judgment after its January 2016 ruling, because the law regarding the *Martinez* exception is still continuing to develop. The Court envisioned that the parties and the Court could use a motion for reconsideration as a vehicle to apply any subsequent clarifying precedent to the *Martinez* issues in this case, prior to the case proceeding to the Ninth Circuit. Contrary to Petitioner's implication (Dkt. 336-1 at 36), that opportunity was not intended as a license to submit evidence that could have—and should have—been submitted (at the latest) when the Court was determining the applicability of *Martinez* in the first instance. *See Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d at 854-55 (stating that a motion for reconsideration is not "a vehicle to identify facts . . . which could have been, but were not, raised or adduced" previously).

**MEMORANDUM DECISION AND ORDER - 26**

showing of prejudice from PCR counsel's performance—was not clear at the time he filed his previous *Martinez* briefing. According to Petitioner, he had a "good-faith disagreement" with the Court as to what *Martinez* required and believed that the "more lenient standard enunciated by the *Detrich* plurality controlled."[17] (Dkt. 336-1 at 34-35.) In essence, Petitioner contends that his previous understanding of the second *Strickland* prong, though ultimately incorrect, should prompt the Court to consider even more evidence than it already has.

After the parties' original *Martinez* briefing was completed, the Ninth Circuit decided several cases that clarified the second prong of *Martinez* by requiring a showing of *Strickland* prejudice. One of these cases was *Clabourne*, 745 F.3d 362, which held definitively that such a showing is required. Later, *Pizzuto* and *Runningeagle* reaffirmed that holding. *Pizzuto*, 783 F.3d at 1178; *Runningeagle*, 825 F.3d at 982. The parties did not have the benefit of these three cases when initially briefing the applicability of *Martinez.* However, Petitioner's reliance on his previous belief as to what he needed to show under the second *Martinez* prong does not excuse his failure to present the additional evidence, because the State explicitly argued in its response brief that *Martinez* required a showing of *Strickland* prejudice as to PCR counsel—a position that this Court, as well as the Ninth Circuit, later adopted. (*See* Dkt. 315 at 32-36.)

---

[17]     The Court notes that *Detrich* was decided on September 3, 2013—after Petitioner filed his opening *Martinez* brief on remand (*see* Dkt. 308), but before he filed his reply brief (*see* Dkt. 318).

**MEMORANDUM DECISION AND ORDER - 27**

Because the State raised the issue, Petitioner knew it was possible that the Court would accept the State's argument and adopt a legal standard requiring a showing of *Strickland* prejudice with respect to *Martinez*'s second prong. Rather than presenting all of the evidence that might establish ineffective assistance of PCR counsel under *the State's* argued standard, Petitioner chose to rely only on (1) *his own* argued standard as to the required showing on the second *Martinez* prong, and (2) the evidence he actually provided. That Petitioner's litigation strategy did not result in the outcome he desired does not constitute an extraordinary circumstance that warrants reconsideration.

Petitioner does not contend that he could not previously have obtained and submitted the additional evidence. This is not a case where the most recent evidence is newly available. Rather, that evidence was simply untapped or withheld from the Court's review by Petitioner—an entirely different circumstance than newly available evidence. *Compare Gray*, 2015 WL 75263, at *2 (stating that the *availability* of new evidence can justify reconsideration) *with Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d at 854-55 (stating that a motion for reconsideration is not "a vehicle to identify facts . . . which *could have been, but were not*," previously presented) (emphasis added).

Petitioner also raises, in sealed affidavits, a third, "sensitive" potential reason why not all of Petitioner's evidence was presented earlier. (*See* Dkt. 336-1 at 36 n.8 & Att. 58, 59 (sealed).) However, the alleged effect of what those affidavits describe on Petitioner's evidentiary submissions amounts to little more than speculation. Instead of the reason alleged in the affidavits, the most likely reason why additional evidence was not

**MEMORANDUM DECISION AND ORDER - 28**

submitted after remand but before the filing of the Motion for Reconsideration is that—as the Court has explained—the consideration of such evidence would violate the successive petitions bar and exceed the limited remand. Therefore, Petitioner has not established that this third potential reason justifies reconsideration.

      ii.     <u>Even considering all of the evidence, including Petitioner's most recent submissions, the Court concludes that Petitioner has not satisfied the second prong of *Martinez* as to ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv).</u>

Finally, even if the Court were to consider all of Petitioner's evidentiary submissions—even those submitted with his Motion for Reconsideration—and even if the Court assumes that the additional evidence fundamentally alters the claims in ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv), Petitioner has still not shown a reasonable probability that he suffered prejudice from PCR counsel's representation. Therefore, *Martinez* does not apply.

This Court and other courts have previously recounted the details of the horrific, deliberate murder of David Jensen—a vulnerable and disabled inmate—and the Court will not repeat them here. Simply put, Petitioner committed one of the most meticulously-planned and carefully-orchestrated murders that the undersigned has seen in thirty years on the bench. (*See* Dkt. 325 at 41 n.11 ("Creech specifically planned Jensen's murder, to the extent that (1) he made two different deadly weapons, so that (2) other inmates would give the weapons to Jensen, so that (3) Creech could take the weapons away and use them to kill Jensen, so that (4) it would appear that Creech killed Jensen in self-defense.").) Further, Petitioner continued to beat Jensen even after Jensen was

**MEMORANDUM DECISION AND ORDER - 29**

completely incapacitated and helpless, lying sprawled on the floor with a shattered skull plate.

The Court rejects Petitioner's distasteful attempt to minimize the brutal nature of his crime. Specifically, Petitioner (1) objects to the use of the word "chilling" in the State's briefs (which is a quote from the U.S. Supreme Court) to describe his murder of Jensen, and (2) accuses the United States Supreme Court, this Court, and the state courts of improperly relying on uncharged murders to unfairly denigrate him. (Dkt. 362 at 60-61.)

Setting aside any bickering about the adjectives chosen to describe Petitioner's crime, the Court notes the objective facts that Petitioner has been convicted of four other murders and was in prison for life when he killed Jensen. At the end of the day, Petitioner is a multiple murderer who—as David Jensen tragically discovered—is not deterred from killing by a sentence of life imprisonment.

Considering all of the circumstances and all of the evidence in the record, even the evidence submitted on remand and in support of the instant Motion, the Court concludes Petitioner has not established a reasonable probability that, had his initial PCR counsel performed differently, the post-conviction court would have vacated Petitioner's death sentence and granted him another resentencing hearing. Therefore, *Martinez* does not apply to excuse the default of the purportedly fundamentally altered claims in ¶¶ 100(b), (d), (j), (o)(iii), and (o)(iv).

**MEMORANDUM DECISION AND ORDER - 30**

**F.     *The Court will not reconsider its decision on the scope of the COA.***

Petitioner has not shown that the Court's decision on the scope of the COA was

clearly erroneous or would work a manifest injustice. He may, of course, request that the

Ninth Circuit expand the COA.

## ORDER

**IT IS ORDERED:**

1.     Petitioner's Motion for Leave to File Memorandum in Excess of Fifteen

       Pages (Dkt. 361) is GRANTED.

2.     Petitioner's Motion for Reconsideration (Dkt. 336) is DENIED.

3.     The Court does not find its resolution of Petitioner's Motion for

       Reconsideration to be reasonably debatable—that is, reasonable jurists

       would agree that Petitioner has not established extraordinary circumstances

       that would warrant reconsideration. Therefore, an additional certificate of

       appealability will not issue with respect to the Court's denial of the Motion.

       *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254

       Cases.

DATED: **March 24, 2017**

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 31**